# UNITED STATES DISTRICT COURT

## MDDLE DISTRICT OF LOUISIANA

### BATON ROUGE DIVISION

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **WESTERN DISTRICT OF LOUISIANA** |
| **HOANG PHAM** | **DOCKET OR CASE NO: 09 04 0518** |
| **ALLEN CORRECTIONAL CENTER** | **PRISONER NO: 277377** |
| **HOANG PHAM** | **RESPONDENT, TERRY TERRELL, WARDEN** |

Versus

The Attorney General of the State of Louisiana

## PETITION

*1.*    **(a)**  Name and location of court that entered the judgment of conviction you are challenging:

**19th Judicial District Court, Parish of East Baton Rouge, Louisiana**

**(b)** Criminal docket or case number (if you know): **09 04 0518**

*2.*    **(a)** Date of the judgment of conviction (if you know): **02 June 2005**

**(b)** Date of sentencing: **03 November 2005**

*3.*    Length of sentence: **Twenty (20) Years**

*4.*    In this case, were you convicted on more than one count or of more than one crime? **NO**

*5.*    Identify all crimes of which you were convicted and sentenced in this case:

### Unauthorized Use of a Motor Vehicle

*6*    **a)** What was your plea? (Check one)

**(1) Not Guilty**                        (3) Nolo contendere (no contest)

(2) Guilty                        (4) Insanity plea

**b)** If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

**c)** If you went to trial, what kind of trial did you have? (Check one) **Jury**

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? **No**

8. Did you appeal from the judgment of conviction? **Yes**

9. If you did appeal, answer the following:

**a)** Name of court: **Court of Appeal, First Circuit**
**b)** Docket or case number (if you know): **2006-0326, {La.App. 1 Cir. 09/15/2006}**
**c)** Result: **Denied**
**d)** Date of result (if you know): **15 September 2006**
**e)** Citation to the case (if you know): **State v. Pham, 936 So.2d 885**
**f)** Grounds raised: **The Sentence Imposed is Constitutionally Excessive**
**g)** Did you seek further review by a higher state court? **Yes**

If yes, answer the following:

**1)** Name of court: **Louisiana Supreme Court**
**2)** Docket or case number (if you know): **2006-2624**
**3)** Result: **Denied**
**4)** Date of result (if you know): **18 May 2007**
**5)** Citation to the case (if you know): **State v. Pham, 957 So.2d 151**
**6)** Grounds raised: **The Sentence Imposed is Constitutionally Excessive**

**h)** Did you file a petition for certiorari in the United States Supreme Court? **NO**

If yes, answer the following: **N/A**

**1)** Docket or case number (if you know): **N/A**
**2)** Result: **N/A**
**3)** Date of result (if you know): **N/A**
**4)** Citation to the case (if you know): **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, **applications**, or motions concerning this judgment of conviction in any state court?

**YES**

*11.*    If your answer to Question 10 was "Yes," give the following information:

**a)**    **1)** Name of court: **19th Judicial District Court, Parish of East Baton Rouge, Louisiana**

**2)** Docket or case number (if you know): **09 04 0518**
**3)** Date of filing (if you know): **01 October 2008**
**4)** Nature of the proceeding: **Application for Postconviction Relief**
**5)** Grounds raised: **Ineffective Assistance of Counsel.**
**6)** Did you receive a hearing where evidence was given on your petition, application, or motion? **NO**
**7)** Result: **Denied**.
**8)** Date of result (if you know): **03 October 2008**

**b)** If you filed any second petition, application, or motion, give the same information: **N/A**

**1)** Name of court: **N/A**
**2)** Docket or case number (if you know): **N/A**
**3)** Date of filing (if you know): **N/A**
**4)** Nature of the proceeding: **N/A**
**5)** Grounds raised: **N/A**
**6)** Did you receive a hearing where evidence was given on your petition, application, or motion? **NO**
**7)** Result: **N/A**
**8)** Date of result (if you know): **N/A**

**c)** If you filed any third petition, application, or motion, give the same information: **N/A**

**1)** Name of court: **N/A**
**2)** Docket or case number (if you know): **N/A**
**3)** Date of filing (if you know): **N/A**
**4)** Nature of the proceeding: **N/A**
**5)** Grounds raised: **N/A**
**6)** Did you receive a hearing where evidence was given on your petition, application, or motion? **N/A**
**7)** Result: **N/A**
**8)** Date of result (if you know): **N/A**

**d)** Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

**1)** First petition: **YES**
**2)** Second petition: **N/A**
**3)** Third petition: **N/A**

e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **N/A**

*12)* For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**Petitioner contends that the conviction and sentence had herein were obtained in violation of the Constitutions of the United States and the State of Louisiana; specifically, he has been denied effective assistance of counsel at trial.**

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:  Petitioner contends that the conviction and sentence had herein were obtained in violation of the Constitutions of the United States and the State of Louisiana; specifically, he has been denied effective assistance of counsel at trial.**

a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

<u>**Mr. Hoang Pham, hereinafter referred to as Petitioner has been charged by bill of information so filed by the District Attorney, in and for the Parish of East Baton Rouge, Louisiana with the offense of 'unauthorized use' of a motor vehicle' and at arraignment pled not guilty and elected to have his culpability decided by a jury of his peers.**</u>

<u>**Trial in this matter was commenced and when all the evidence and testimonies had been presented and heard Petitioner was found to be guilty of the charged offense; and, ensuing hearing and denial of all post trial pleadings he was sentenced to the custody of the Secretary of the Louisiana Department of Corrections for a period of eight {8} years; however, the prosecution provided notice of its intent to file and did file an habitual offender bill of information, wherein Petitioner was alleged to be a fourth felony offender and the trial Court vacated the previously imposed sentence and re-sentenced Petitioner to twenty (20) years pursuant to the provisions of LSA-R.S. 15:529.1.**</u>

A timely appeal ensued and on the 15th day of September 2006, the Court of Appeal, in an unpublished opinion, affirmed the judgment of conviction and sentence. See State v. Pham, No: 2006 0326, {La.App. 1 Cir. 09/15/2006}

On the 11th day of October 2006, Petitioner moved the Louisiana Supreme Court to review and reverse the decision of the Court of Appeal. See Appendix *P-1*

During the pendency of Petitioner's Writ Application filed to the Supreme Court he requested from his appellate counsel, Frederick Kroenke, a copy of the trial transcript; and, on the 28th day of March 2006, Mr. Kroenke wrote a letter explaining he did not have a copy of the record. See Appendix *P-2*

On the 18th day of May 2007, the Supreme Court denied the Writ Application. See State v. Pham, No: 2006 2624, {La. 05/18/2007}

In a continued attempt to obtain a copy of trial Record, on the 16th day of November 2006, Petitioner filed into the trial Court a Motion for Complete and Verbatim Copy of Trial Transcript. See Appendix *P-3*

On the 13th day of September 2007, the trial Court denied the Motion for Complete and Verbatim Copy of Trial Transcript, alleging Petitioner failed to state a particularized need for said record. See Appendix *P-4*

On the 28th day of September 2007, Petitioner filed to the Court of Appeal, First Circuit an Application for Writ of Mandamus. See Appendix *P-5*

On the 15th day of November 2007, the Court of Appeal denied the Writ Application, citing State ex rel. Bernard v. Criminal District Court Section "J". See State v. Pham, No: 2007 1962, {La.App. 1 Cir. 11/15/2007}

The record reveals that Petitioner did not seek Writs from the Louisiana Supreme Court; alternatively, on the 07th day of December 2007, Petitioner filed to the trial Court an Application for Postconviction Relief along with a Motion to Hold in Abeyance. See Appendix *P-6* and *7*

**On the 28th day of January 2008, the Honorable Rachel P. Morgan issued an Order to the prosecution to file any Procedural Objections and/or Answer within thirty {30} days of said Order.** See Appendix *P-8*

**On the 27th day of February 2008, the prosecution filed its Procedural Objection and Answer to Application for Postconviction Relief.** See Appendix *P-9*

**On the 13th day of March 2008, Petitioner filed to the trial Court his Opposition to the Prosecution's Procedural Objection.** See Appendix *P-10*

**On the 28th day of April 2008, Commissioner Morgan issued her Recommendation.** See Appendix *P-11*

**On the 12th day of May 2008, Petitioner filed to the trial Court his Opposition to Commissioner Morgan's Recommendation.** See Appendix *P-12*

**On the 19th day of May 2008, Petitioner filed to the trial Court a Motion and Order for Leave of Court to Expand Record.** See Appendix *P-13*

**The trial Court denied the Uniform Application for Postconviction Relief and all Motions on the 3rd day of October 2008.** See Appendix *P-14*

**On the 9th day of October 2008, Petitioner provided the trial Court with Notice of his Intent to Seek Writs to issue from the Court of Appeal.** See Appendix *P-15*

**The trial Court failed to set a return date for the filing of any Writ Application; however, pursuant to the provisions of Rule 4-3 of the URCA on the 30th day of October 2008, Petitioner filed his Writ Application without a return date, but within the closing of the thirty day window.** See Appendix *P-16*

**The Court of Appeal denied the Writ Application on the 2nd day of February 2009.** See State v. Pham, No: 2008 2275, {La.App. 1 Cir. 02/02/2009}

**On the 23rd day of February 2009, Petitioner filed to the Louisiana Supreme Court an Application for Writ of Certiorari.** See Appendix *P-17*

**On the 8th day of January 2010, the Supreme Court denied the relief sought.  See State v. Pham, No: 2009 0636, {La. 01/08/2009}**

**Petitioner respectfully contends that the Louisiana Constitution of 1974 Article 1, § 19 states:  No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based.  This right may be intelligently waived.   The cost of transcribing the record shall be paid as provided by law.**

**Defendant has provided the Courts below with evidence of his poverty and wants of means and that he has no one whom he can depend on to assist in obtaining a copy of the requested records, except this Honorable Court.**

**The record before this Honorable Court is devoid of any evidence from which this Court may conclude that Petitioner contributed to his own prejudice; however, he is gravely prejudiced by the Courts below denial of his Motion and Writs for Complete and Verbatim Copy of Trial and Sentencing Transcripts; in that, his access to the Courts is meaningless and he is coerced to serve a sentence which is totally unconstitutional and illegal.**

**Defendant contends finally that this Honorable Court has the authority and power to reverse the judgment of the trial Court and undo the injustice to which he has been subjected to, by ordering the conveyance of the requested records.**

**b)**  If you did not exhaust your state remedies on Ground One, explain why:

N/A

**c)  Direct Appeal of Ground One:**

    **1)**  If you appealed from the judgment of conviction, did you raise this issue:

N/A

    **2)** If you did <u>not</u> raise this issue in your direct appeal, explain why:

N/A

**d) Post Conviction Proceedings:**

**1)** Did you raise this issue through a ***post-conviction*** motion or petition for habeas corpus in a state trial court?

**YES**

**2)** If your answer to Question (d) (1) is "Yes," state:

Type of motion or *petition*: **Application for Postconviction**
Name and location of the court where the motion or petition was filed: **19ᵗʰ Judicial District Court, Parish of East Baton Rouge, Louisiana**
Docket or case number (if you know): **09 04 0518**
Date of the court's decision: **03rd October 2008**
Result (attach a copy of the court's opinion or order, if available): See Appendix **P-4**

**3)** Did you receive a hearing on your motion or petition?

**NO**

**4)** Did you appeal from the denial of your motion or *petition*?

**YES**

**5)** If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

**YES**

**6)** If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or *petition* was filed: **Court of Appeal, First Circuit, Baton Rouge, LA**
Docket or case number (if you know): **State v. Bledsoe, No: KW 2008 2275, (La.App. 1 Cir. 02/02/2009)**
Date of the court's decision: **02 February 2009**
Result (attach a copy of the court's opinion or order, if available): **Denied.**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise the issue: **N/A**

**e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **N/A**

**GROUND TWO:**

## NONE

**a)** Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):  **N/A**

**b)** If you did not exhaust your state remedies on Ground Two, explain why:  **N/A**

**c)   Direct Appeal of Ground Two:**

    **1)** If you appealed from the judgment of conviction, did you raise this issue:

### N/A

    **2)** .If you did <u>not</u> raise this issue in your direct appeal, explain why:

**d)   Post Conviction Proceedings:**

    **1)** Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

### N/A

    **2)**  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  **N/A**
Name and location of the court where the motion or petition was filed:  **N/A**
Docket or case number (if you know):  **N/A**
Date of the court's decision:  **N/A**
Result (attach a copy of the court' opinion or order, if available):  **N/A**

    **3)**  Did you receive a hearing on your motion or petition?  **N/A**

    **4)**  Did you appeal from the denial of your motion or petition?  **N/A**

    **5)**  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **N/A**

    **6)**  If your answer to Question (d)(4) is "Yes," state:  **N/A**

Name and location of the court where the motion or petition was filed:  **N/A**
Docket or case number (if you know):  **N/A**
Date of the court's decision:  **N/A**
Result (attach a copy of the court's opinion or order, if available):  **N/A**

7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise the issue:

Petitioner did not appeal or raise this issue therein because there is only one ground raised herein for relief.

**e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **N/A**

**GROUND THREE:**

## NONE

**a)** Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **N/A**

**b)** If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

**c) Direct Appeal of Ground Three:**

1)  If you appealed form the judgment of conviction, did you raise this issue:

## N/A

2)  If you did <u>not</u> raise this issue in your direct appeal, explain why: **N/A**

**d) Post Conviction Proceedings:**

1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **N/A**

2) If your answer to Question (d)(1) is "Yes," state: **N/A**

Type of motion or petition: **N/A**
Name and location of the court where the motion or petition was filed: **N/A**
Docket or case number (if you know): **N/A**
Date of the court's decision: **N/A**
Result (attach a copy of the court' opinion or order, if available): **N/A**

3) Did you receive a hearing on your motion or petition? **N/A**

4)  Did you appeal from the denial of your motion or petition? **N/A**

5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **N/A**

6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **N/A**
Docket or case number (if you know): **N/A**
Date of the court's decision: **N/A**
Result (attach a copy of the court' opinion or order, if available): **N/A**
If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise the issue:

**N/A**

(a)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

**NONE**

(a)    Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**N/A**

(b)    If you did not exhaust your state remedies on Ground Four, explain why:

**N/A**

(c)    **Direct Appeal of Ground Four:**

(1)    If you appealed form the judgment of conviction, did you raise this issue:

**N/A**

(2)    If you did <u>not</u> raise this issue in your direct appeal, explain why:

**N/A**

(d)    **Post Conviction Proceedings:**

(1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

**N/A**

(2)    If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: **N/A**
Name and location of the court where the motion or petition was filed: **N/A**
Docket or case number (if you know): **N/A**

Located.@.13.Earth.H.Pham. Nash          13 February 2010                    *- 11 -*

Date of the court's decision: **N/A**
Result (attach a copy of the court's opinion or order, if available): **N/A**

(3)    Did you receive a hearing on your motion or petition?

**N/A**

(4)    Did you appeal from the denial of your motion or petition?

**N/A**

(5)    If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?

**N/A**

(6)    If your answer to (d) (4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **N/A**
Docket or case number (if you know): **N/A**
Date of the court's decision: **N/A**
Result (attach a copy of the court' opinion or order, if available): **N/A**

(7)    If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not
raise the issue: **N/A**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **N/A**

Please answer these additional questions about the petition you are filing:

Have all grounds for relief that you have raised in this petition been presented to the
highest state court having jurisdiction?

**YES**

If your answer is "No," state which grounds have not been so presented    and give your
reason(s) for not presenting them:

**N/A**

Is there any ground in this petition that has not been presented in some state or federal
court?  If so, which ground or grounds have not been presented, and state our reasons for
not presenting them:

**N/A**

Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

**NO**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

**N/A**

Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state o federal, for the judgment you are challenging?

**NO**

If "Yes," state the name and location of the court, the docket or case number, the  type of proceeding, and the issues raised.

**N/A**

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

a.} At preliminary hearing:

**N/A**

b}    At arraignment and plea:

**Sclynski Lyn Smith
Attorney at Law
300 Louisiana Avenue
Baton Rouge, LA 70802**

c}    At trial:  **Same as 16 {b}**
d}    At sentencing:  **Laurie R. Earl,Esq., Apt. A, 23045 Jade Dr., Plaquemine, LA 70764**
e}    On appeal:  **Frederick Kroenke, 509 St. Louis St., Baton Rouge LA. 70802**
f}    In any post-conviction proceeding:  **NONE**
g}    On appeal from any ruling against you in a post-conviction proceeding:  **NONE**

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

Located.@.13.Earth.H.Pham. Nash          13 February 2010

## NO

If so, give name and location of court that imposed the other sentence you will serve in the future:

(a)     Give the date the other sentence was impose:  **N/A**

(b)     Give the length of the other sentence:  **N/A**

(c)     Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

### N/A

18.     TIMELINESS OF PETITION:  If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244 (d) does not bar your petition.*

In **U.S. v. Arviso-Mata**, 442 F.3d 382 {C.A.5{Tex.}2006} the Fifth Circuit Court of Appeal held that:  "The doctrines of waiver and forfeiture are similar, although distinct, in that "forfeiture" is the failure to make the timely assertion of a right, and "waiver" is the intentional relinquishment of a **known right**."

The Court held further that: "This is a common sense appeal, in that in order for a person to **waive, forfeiture or otherwise relinquish a right, benefit or privilege that right, benefit or privilege must be known**.

**In the instant matter La.C.Cr.P. art. 930.8 is insufficient, opposite and contrary to Federal law; specifically, this Article fails to provide Petitioner with Notice and/or Knowledge that unless his Application for Postconviction Relief is filed within one {1} year from date of finality of his conviction and sentence his right to Federal review of his constitutional claims is considered waived or forfeitured. Arviso's, supra**

**Therefore, Petitioner's application is timely filed based on the grounds that Louisiana's Law; in particular, La.C.Cr.P. art. 930.8 is in total conflict with Federal Law; in particular, 28 U.S.C. 2244 (d) in that Louisiana's Law germane to the filing of an Application for Postconviction Relief fails to provide notice and/or knowledge that despite the filing of a timely Application, if same is filed past one year of**

**finalization of conviction and sentence, review by the Federal Courts becomes unavailable.**

\* The antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244 (d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of-

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filling an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state   action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by he Supreme court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for state post-conviction or       other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the court grant the following relief:

**To order an evidentiary hearing, appoint counsel to represent him at the hearing and after considering the evidence and law reverse the judgment of the Louisiana Supreme Court and remand this matter back to the trial Court for a new trial or subsequent proceeding**.

Or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on the **02nd** day of **March 2010**.

_____
Executed (signed) on (date).


_____
Signature of Petitioner

If the person signing is not Petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

STATE OF LOUISIANA

SUPREME COURT

NUMBER: _____

ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo

STATE OF LOUISIANA

VERSUS

HOANG PHAM

ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo

ON THE CRIMINAL DOCKET OF THE
19TH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF EASE BATON ROUGE, LOUISIANA
ANTHONY MARABELLA, HONORABLE JUDGE, PRESIDING

CRIMINAL DOCKET NO:  09-04-0518 "I"

AND

CASE NO:  2008 KW 2275 ON THE DOCKET OF THE
COURT OF APPEAL, FIRST CIRCUIT

ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo   ooo

HOANG PHAM, DEFENDANT-APPLICANT, APPLYING FOR
WRIT OF CERTIORARI (REVIEW), PROHIBITION AND MANDAMUS

SUBMITTED WITH RESPECT,

HOANG PHAM, 277377
JUPITER D-1-ALC
3751 LAUDERDALE WOODYARD ROAD
KINDER, LA  70648

APPENDIX P-17

## SUPREME COURT OF LOUISIANA
## WRIT APPLICATION FILING SHEET

NO: _____

### TO BE COMPLETED BY COUNSEL or PRO SE LITIGANT FILING APPLICATION

TITLE

**STATE OF LOUISIANA**

*VERSUS*

**HOANG PHAM**

Applicant: **HOANG PHAM**
Have there been any other filings in this
Court in this Matter?  ☐ Yes   ☑ **No**
Priority Treatment?     **NO**
If so you MUST complete & attach a Priority
Form.

### LEAD COUNSEL/PRO SE LITIGANT INFORMATION

#### APPLICANT RESPONDENT

Name:   **HOANG PHAM, 277377**
Address: **JUPITER D-1**
         **3751 LAUDERDALE WOODYARD RD.**
         **KINDER, LA 70648**

Address: **DOUG MOREAU, D.A.**
         **5TH FL. GOV. BLDG.**
         *222 ST. LOUIS ST.*
         **BATON ROUGE, LA 70802**

Phone No.  **N/A**     Bar Roll No. **N/A**          Phone No.                      Bar Roll No. **N/A**

### TYPE     OF PLEADING

☐ Civil,   ☑ Criminal,   ☐ Bar,   ☐ Civil Juvenile,   ☐ Criminal Juvenile,   ☐ Other
   ☐ CINC          ☐ Termination,   ☐ Surrender,   ☐ Adoption,   ☐ Child Custody

### ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION

Tribunal/Court                                      Docket No: _____
Judge/Commissioner/hearing Officer: _____   Ruling Date: _____

### DISTRICT COURT INFORMATION

Parish and Judicial District Court: **EAST BATON ROUGE - 19TH**
Judge and Section: **ANTHONY MARABELLA**     Section: "**I**"     Docket No: *09-04-0518*
                                                                  Date of Judgment: **04/02/07**

### APPELLATE COURT INFORMATION

Circuit: **FIRST**     Docket No: **2008 KW 2275**     Action: **WRIT OF REVIEW**
Applicant in Appellate Court: **HOANG PHAM**     Filing Date: **10/30/08**

Ruling Date: **02/02/09**          Panel of Judges: **JMM, JDH, & JTP**     ☐

### REHEARING INFORMATION

Applicant:          Date Filed:              Action on Rehearing:
Ruling Date:          Panel of Judges:                                   ☐

### PRESENT STATUS

☐ Pre-Trial, Hearing/Trial Scheduled, date: _____   ☐ Trial in Progress,   ☑ Post Trial
Is there a stay now in effect? **NO**      Has this pleading been filed simultaneously in any other court? **NO**
If so, explain briefly

_____

### VERIFICATION

I certify that the above information and all of the information contained in this application is true and correct to the best of
my knowledge and that all relevant pleadings and rulings, as required by Supreme Court Rule X, are attached to this filing. I
further certify that a copy of this application has been mailed or delivered to the appropriate court of appeal (if required), to
the respondent judge in the case of a remedial writs, and to all other counsel and unrepresented parties.

*23 February 2009*
DATE

_____
                    **HOANG PHAM**

# TABLE OF CONTENTS

Writ application filing sheet ----------------------------------------------------- ii

Table of contents--------------------------------------------------------------- iii

Chronological listing of appendices ------------------------------------------- iii

Reasons why this writ should be granted--------------------------------------- iv

Statement of the case ------------------------------------------------------- 1-2

Assignment or error ---------------------------------------------------------- 3

Summary of argument ------------------------------------------------------- 4

Argument error number one------------------------------------------------ 5 - 10

Conclusion----------------------------------------------------------------- 11

Certificate of service -------------------------------------------------------- 12

# CHRONOLOGICAL LISTING OF APPENDICES

Motion for trial transcript ----------------------------------------------- P-1

Copy of trial Court's 2 April 2007 ruling ------------------------------------ P-2

Application for postconviction relief -------------------------------------- P-3

Motion to hold in abeyance ------------------------------------------------ P-4

Copy of Commissioner Morgan's 28 January 2008 order ---------------------- P-5

Copy of prosecution's procedural objection and answer --------------------- P-6

Defendant's opposition to District Attorney's objection --------------------- P-7

Copy of Commissioner's recommendation --------------------------------- P-8

Opposition to Commissioner's recommendation ------------------------- P-9

Motion and order to expand record ---------------------------------------- P-10

Trial Court's 18 June 2008 denial of motion to expand record --------------- P-11

Copy of trial Court's 19 May 2008 denial of postconviction --------------- P-12

Notice of intent to seek writs --------------------------------------------- P-13

Copy of writ of review --------------------------------------------------- P-14

Court of Appeal's 2 February 2009 ruling --------------------------------- P-15

## <u>REASONS WHY THIS WRIT SHOULD BE GRANTED</u>

It is respectfully submitted that this writ application should be granted, in accordance with the considerations set forth in Supreme Court Rule X, because the decision of the Louisiana Court of Appeal, First Circuit, provides an erroneous interpretation of the laws of this State and the decision will cause material injustice and significantly affect the public's interest.

## STATEMENT OF THE CASE

**Mr. Hoang P. Pham**, hereinafter referred to as Defendant has been charged in bill of information so filed by the District Attorney, in and for the Parish of East Baton Rouge, Louisiana with the offense of "unauthorized use of a motor vehicle", a felony; and, at arraignment pled not guilty thereto and elected to have his culpability decided by a jury of his peers.

Trial in this matter was commenced, and when all the evidence and testimonies had been presented and heard Defendant was found to be guilty as charged.

Ensuing hearing and denial of all post-trial pleadings Defendant was sentenced to the custody of the Louisiana Department of Corrections for a period of twenty (20) years, pursuant to the provisions of **LSA R.S. 15:529.1.**

A timely appeal ensued and in an unpublished opinion the judgment of conviction and sentence was affirmed. See **State v. Pham**, 2006-0326, {La.App. 1 Cir. 9/15/06}, 936 So.2d 885

The Louisiana Supreme Court denied relief on the 18th day of May 2007. See **State v. Pham**, 2006-2624, {La. 05/18/2007}, 957 So.2d 151

On the 13th day of November 2006 Defendant filed into the 19th Judicial District Court, in and for the Parish of East Baton Rouge, Louisiana a Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts. See Appendix *P-1*

The Motion remained pending on the trial Court's docket for an unusually lengthy period of time and after invoking the Supervisory Jurisdiction of the Court of Appeal, First Circuit a copy of the trial Court's 2 April 2007 ruling denying Defendant's Motion for Production of Documents was received on the 21st day of September 2007. See Appendix. See Appendix *P-2*

On the 28th day of September 2007 Defendant filed to the Court of Appeal, First Circuit an Application for Writ of Mandamus and same was denied on the 15th day of November 2007. See **State v. Pham**, No: 2007 KW 1962, {La.App. 1 Cir. 11/15/2007}

In compliance with this Ruling on the 31st day of December 2007 Defendant filed to the trial Court an Uniform Application for Postconviction Relief and a Motion to Hold in Abeyance. See Appendix *P-3* and *4*

On the 28th day of January 2008 Commissioner Morgan ordered the custodian, through the District Attorney to file any procedural objections he/she may have within thirty {30} of the date of said Order.  See Appendix *P-5*

On the 4th day of March 2008 Defendant received a copy of the prosecution's Procedural Objection and Answer to Application for Postconviction Relief.  See Appendix *P-6*

On the 12th day of March 2008 Defendant filed to the trial Court his Opposition to District Attorney's Procedural Objection and Answer.  See Appendix *P-7*

On the 1st day of May 2008 Defendant received a copy of the Commissioner's Recommendation. See Appendix *P-8*

On the 12th day of May 2008 Defendant timely filed to the trial Court his Opposition to Commissioner's Recommendation.  See Appendix *P-9*

On the 19th day of May 2008 Defendant filed to the trial Court a Motion and Order for Leave of Court to Expand Record.  See Appendix *P-10*

On the 18th day of June 2008 the trial Court denied the Motion and Order for Leave of Court to Expand Record.  See Appendix *P-11*

On the 9th day of October 2008 Defendant received a copy of the trial Court's 19 May 2008 ruling denying his Application for Postconviction Relief. See Appendix *P-12*

On the 9th day of October 2008 Defendant filed to the trial Court his Notice of Intent to Seek Writs, and the trial Court failed to comply with the provisions of Rule 4-3 of the URCA and his Writ Application was submitted to the Court of Appeal, First Circuit without a return date, but within the closing of the thirty (30) day window.  See Appendix *P-13* and *14*, respectively

The Court of Appeal, First Circuit denied the Writ Application on the 2n day of February 2009. See Appendix *P-15*

## ASSIGNMENT OF ERROR

**1)** The trial Court erred in denying Defendant's Application for Postconviction Relief; thus, denying him his constitutionally protected right to review and a complete record.

## SUMMARY OF ARGUMENT

The gist of this argument hinges on the progeny of **State v. Ford**, 92-2029, {La.App. 4 Cir. 199}, 650 So.2d 808, which states:   Despite constitutional right to complete review of record, defendant is not entitled to relief where his right of review is prejudiced by his own act or omission.  LSA-Const. Art. 1, § 19; LSA-C.Cr.P. art. 843.

Pursuant to the provisions of Louisiana Constitution of 1974 Article 1, § 19, which states:  No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based.   This right may be intelligently waived.   The cost of transcribing the record shall be paid as provided by law.

Defendant has provided the Courts below with evidence of his poverty and wants of means and that he has no one whom he can depend on to assist in obtaining a copy of the requested records, except this Honorable Court.

## ARGUMENT ERROR NUMBER ONE:

## TIMELINESS

The record reveals that the trial Court denied Defendant's Motion for Verbatim Copy of Trial and Sentencing Transcripts on the 2nd day of April 2007; however, a copy of same was not received by Defendant until the 21st day of September 2007.

State prisoner's state court application for supervisory writs was "properly filed" as required for statutory tolling of the federal habeas limitations period, even though the application was filed after the state's 30-day deadline for the application, where the deadline contained exceptions which allowed the state Court of Appeal to consider on the merits an application that was not timely filed if there was a showing that the delay in filing was not due to the applicant's fault, and where the state Court of Appeal did consider the application on the merits. 28 U.S.C.A. § 2244(d)(2); Uniform Rules, Courts of Appeal, Rule 4-3, 8 LSA-R.S. See *Grillette v. Warden, Winn Correctional Center*[1]

Defendant respectfully suggests to this Honorable Court that his Writ Application filed to the Court of Appeal, First Circuit was timely filed, based on the grounds that he is not at fault for the delay nor did he sleep on his rights and simply allowed the time within which to seek writs to elapse.

The record reflects that Defendant's Writ Application was filed within the [c]losing of the thirty {30} day window from the time of receipt of the trial Court's denial; and as such, his Writ Application was timely filed and proper before the Court.

**1)    The trial Court erred in denying Defendant's Application for Postconviction Relief; thus, denying him his constitutionally protected right to review and a complete record.**

**Mr. Hoang P. Pham**, hereinafter referred to as Defendant has been charged in bill of information so filed by the District Attorney, in and for the Parish of East Baton Rouge, Louisiana with the offense of "unauthorized use of a motor vehicle", a felony; and, at arraignment pled not guilty thereto and elected to have his culpability decided by a jury of his peers.

---

[1] (C.A.5(La.)2004), 372 F.3d 765

Trial in this matter was commenced, and when all the evidence and testimonies had been presented and heard Defendant was found to be guilty as charged.

Ensuing hearing and denial of all post-trial pleadings Defendant was sentenced to the custody of the Louisiana Department of Corrections for a period of twenty (20) years, pursuant to the provisions of **LSA R.S. 15:529.1**.

A timely appeal ensued and in an unpublished opinion the judgment of conviction and sentence was affirmed. See **State v. Pham**, 2006-0326, {La.App. 1 Cir. 9/15/06}, 936 So.2d 885

The Louisiana Supreme Court denied relief on the 18th day of May 2007. See **State v. Pham**, 2006-2624, {La. 05/18/2007}, 957 So.2d 151

On the 13th day of November 2006 Defendant filed into the 19th Judicial District Court, in and for the Parish of East Baton Rouge, Louisiana a Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts.

The Motion remained pending on the trial Court's docket for an unusually lengthy period of time and after invoking the Supervisory Jurisdiction of the Court of Appeal, First Circuit a copy of the trial Court's 2 April 2007 ruling denying Defendant's Motion for Production of Documents was received on the 21st day of September 2007. See Appendix.

On the 28th day of September 2007 Defendant filed to the Court of Appeal, First Circuit an Application for Writ of Mandamus and same was denied on the 15th day of November 2007. See **State v. Pham**, No: 2007 KW 1962, {La.App. 1 Cir. 11/15/2007}

In compliance with this Ruling on the 31st day of December 2007 Defendant filed to the trial Court an Uniform Application for Postconviction Relief and a Motion to Hold in Abeyance.

On the 28th day of January 2008 Commissioner Morgan ordered the custodian, through the District Attorney to file any procedural objections he/she may have within thirty {30} of the date of said Order.

On the 4th day of March 2008 Defendant received a copy of the prosecution's Procedural Objection and Answer to Application for Postconviction Relief.

On the 12th day of March 2008 Defendant filed to the trial Court his Opposition to District Attorney's Procedural Objection and Answer.

On the 1st day of May 2008 Defendant received a copy of the Commissioner's Recommendation.

On the 12th day of May 2008 Defendant timely filed to the trial Court his Opposition to Commissioner's Recommendation.

On the 19th day of May 2008 Defendant filed to the trial Court a Motion and Order for Leave of Court to Expand Record.

On the 18th day of June 2008 the trial Court denied the Motion and Order for Leave of Court to Expand Record.

On the 9th day of October 2008 Defendant received a copy of the trial Court's 19 May 2008 ruling denying his Application for Postconviction Relief.

On the 9th day of October 2008 Defendant filed to the trial Court his Notice of Intent to Seek Writs, and the trial Court failed to comply with the provisions of Rule 4-3 of the URCA and his Writ Application was submitted to the Court of Appeal, First Circuit without a return date, but within the closing of the thirty (30) day window.

The Court of Appeal, First Circuit denied the Writ Application on the 2nd day of February 2009; and as such, this Writ Application filed on the 23rd day of February 2009 is timely and properly before this Honorable Court for a meritorious review.

Trial court is not required to grant indigent's motion for production of document other than copy of transcript of Boykin proceeding unless motion establishes that transcript will support particular claim. See **State v. Nash**, 604 So.2d 1054, {La.App. 1 Cir. 1992}

The Louisiana Supreme Court has held that an indigent is entitled to one free copy of his Boykin transcript, without alleging a particular need for the transcript. See **State ex rel Johnson v. Clerk of Court**, 479 So.2d 916 (La.1985). However, if an indigent seeks a copy of any other transcript, including the sentencing proceeding, he must state a particularized need for the document. See **State ex rel Joseph v. State**, 482 So.2d 680 (La.App. 1st Cir.1985). A particularized need has been defined as a showing that the "suit ... is not frivolous and that the transcript is needed to decide the

issue presented ..."  See, e.g., **U.S. v. MacCollom**, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).  Thus, if the court elected to order that relator be provided with a copy of the sentencing transcript without his first having shown a particularized need for the document, it could do so.  However, the court is not required to grant a motion for production of a document other than a copy of the transcript of the Boykin proceeding unless the motion establishes that the transcript will support a particular claim.   Relator may request a copy of the transcript without a showing of a particularized need under the Public Records Act, La.R.S. 44:3, et seq.  However, in such case, he should be prepared to pay the regular service fees for the document.  **Nash**, supra

Pursuant to the progeny of **Nash**, supra on the 13th day of November 2006 Defendant filed into the 19th Judicial District Court, in and for the Parish of East Baton Rouge, Louisiana a Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts stating therein his particularized need for the requested records; to-wit:

> Defendant contends further that during the trial had herein the prosecution made mention of other crimes evidence for which he was not on trial for nor had he been provided the requisite notice and during the sentencing had herein the trial Court failed to comply with the provisions of **La.C.Cr.P. art. 894.1.**

In spite of complying with the dictates of **Nash**, supra the trial Court denied Defendant's Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts.

Indigent inmate has constitutional right to free copies of documents to which he or she is not entitled as of right only in those instances where he or she shows that denial of request will deprive him or her of adequate opportunity to present his or her claims fairly.  See **State ex rel. Bernard v. Criminal District Court Section J**, 94-2247, {La. 4/28/1995}, 653 So.2d 1174

The **Bernard** Court stated further that:  This Court's jurisprudence requires lower courts to provide indigent inmates with copies of certain types of documents as of right.  *State ex rel. Simmons v. State*, 93-0175 (La. 12/16/94), 647 So.2d 1094.  As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an

"adequate opportunity to present [his] claims fairly." *United States v. MacCollom*, 426 U.S. 317, 324, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) (quoting *Ross v. Moffitt*, 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974)). Meeting that constitutional threshold requires a showing of what this Court has called "particularized need."

For the inmate requesting documents in anticipation of a collateral attack on his conviction, adequate opportunity to present his claims requires first and foremost meaningful access to the post-conviction procedures provided by the legislature in La.C.Cr.P. art. 924 et seq. That access does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents "to comb the record for errors." *State ex rel. Payton v. Thiel*, 315 So.2d 40 (La.1975). If an inmate has identified specific constitutional errors in the proceedings leading to his conviction and sentence, as required by La.C.Cr.P. art. 930.3, he may also "specify with reasonable particularity the factual basis for such relief," and thereby meet the initial requirements set forth in La.C.Cr.P. art. 926 for filing the application and invoking the post conviction articles. An inmate therefore cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. See *Payton*, supra; *State v. Drozd*, 116 Ariz. 330, 569 P.2d 272, 274 (Ct.App.1977) ("[d]ue process and equal protection surely do not require the providing of transcripts to make petitioner aware in the first instance of events or occurrences which constitute grounds for collateral attack"). Cf. *Cutbirth v. State,* 695 P.2d 156, 159 (Wyo.1985) ("a petition for post-conviction relief must be on file and the district court must determine that the petition has merit" before an inmate will receive free copies of transcripts); *Reed v. State*, 310 Ark. 651, 840 S.W.2d 165, 166 (1992) (free copies of "material on file" available to inmate only when he "demonstrates some compelling need for specific documentary evidence to support an allegation contained in a petition for post conviction relief"). **Bernard**, supra

In another attempt to obtain a copy of the above described records; in accord with the provisions of **Bernard**, supra on the 31st day of December 2007 Defendant

filed to the trial Court an Uniform Application for Postconviction Relief and a Motion to Hold in Abeyance.

On the 9th day of October 2008 Defendant received a copy of the trial Court's 19 May 2008 ruling denying his Application for Postconviction Relief.

The record reflects further that Defendant even tried to obtain a copy of his record through his appellate counsel; and, this attempt as all others failed also.

Despite constitutional right to complete review of record, defendant is not entitled to relief where his right of review is prejudiced by his own act or omission. LSA-Const. Art. 1, § 19; LSA-C.Cr.P. art. 843. See **State v. Ford**, 92-2029, {La.App. 4 Cir. 199}, 650 So.2d 808

The record before this Honorable Court is devoid of any evidence from which this Court may conclude that Defendant contributed to his own prejudice; however, he is gravely prejudiced by the trial Court's denial of his Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts; in that, his access to the Courts is meaningless and he is coerced to serve a sentence which is totally unconstitutional and illegal.

Defendant contends finally that this Honorable Court has the authority and power to reverse the judgment of the trial Court and undo the injustice to which he has been subjected to, by ordering the conveyance of the requested records.

## **CONCLUSION**

For the reasons aforementioned and in the interests of justice and judicial economy Defendant respectfully prays that this Honorable Court, ensuing due consideration, find the law and evidence to be in his favor and grant unto him any and all relief to which he may be entitled.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been properly served on the Honorables: the Judges of the Court of Appeal, First Circuit; trial Judge of the 19th Judicial District Court; and, the District Attorney, in and for the Parish of East Baton Rouge, Louisiana by placing a copy of same in the United States Mail with sufficient postage and properly addressed this **23rd** day of ***February 2009***.

STATE OF LOUISIANA

COURT OF APPEAL, FIRST CIRCUIT


NUMBER: _____

ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo


STATE OF LOUISIANA

VERSUS

HOANG P. PHAM

ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo  ooo


ON THE CRIMINAL DOCKET OF THE

19TH JUDICIAL DISTRICT COURT IN AND FOR THE
PARISH OF EAST BATON ROUGE, LOUISIANA
ANTHONY J. MARABELLA, JR.
HONORABLE JUDGE, PRESIDING

CRIMINAL DOCKET NO: 09 04 0518 "I"


HOANG P. PHAM, DEFENDANP-APPLICANT, APPLYING FOR
WRIT OF REVIEW


SUBMITTED WITH RESPECT,


HOANG P. PHAM, 277377
JUPITER D-1-ALC
3751 LAUDERDALE WOODYARD ROAD
KINDER, LA  70648

APPENDIX P-16

**TABLE OF CONTENTS**

Chronological listing of appendices ------------------------------------ *ii-iii*

Jurisdiction ---------------------------------------------------------- *iv*

Statement of the case ------------------------------------------------ *1 - 4*

Assignment or error-------------------------------------------------- *4*

Issue ------------------------------------------------------------------ *5*

Argument error number one --------------------------------------- *7 –12*

Conclusion ---------------------------------------------------------- *13*

Verification---------------------------------------------------------- *14*

Certificate of service ---------------------------------------------- *14*

**CHRONOLOGICAL LISTING OF APPENDICES**

Motion for trial transcript ---------------------------------------- *P-1*

Application for writ of mandamus-------------------------------- *P-2*

Motion and order to show cause-------------------------------- *P-3*

Copy of 7 September 2007 letter-------------------------------- *P-4*

Copy of trial Court's 2 April 2007 ruling---------------------- *P-5*

Application for postconviction relief -------------------------- *P-6*

Motion to hold in abeyance ------------------------------------ *P-7*

Copy of Commissioner Morgan's 28 January 2008 order ------------ *P-8*

Copy of prosecution's procedural objection and answer --------------- *P-9*

Defendant's opposition to District Attorney's objection -------------- *P-10*

Copy of Commissioner's recommendation ---------------------------- *P-11*

Opposition to Commissioner's recommendation ---------------------- *P-12*

Motion and order to expand record ------------------------------------ *P-13*

Trial Court's 18 June 2008 denial of motion to expand record------- *P-14*

Copy of letter dated 1 October 2008------------------------------------ *P-15*

Copy of trial Court's 19 May 2008 denial of postconviction ---------- *P-16*

Notice of intent to seek writs-------------------------------------------- *P-17*

**JURISDICTION**

Supervisory Jurisdiction is vested in this Honorable Court pursuant to Article V § 10.2 of the 1974 Constitution of the State of Louisiana.

## STATEMENT OF THE CASE

**Mr. Hoang P. Pham**, hereinafter referred to as Defendant has been charged in bill of information so filed by the District Attorney, in and for the Parish of East Baton Rouge, Louisiana with the offense of "unauthorized use of a motor vehicle", a felony; and, at arraignment pled not guilty thereto and elected to have his culpability decided by a jury of his peers.

Trial in this matter was commenced, and when all the evidence and testimonies had been presented and heard Defendant was found to be guilty as charged.

Ensuing hearing and denial of all post-trial pleadings, Defendant was sentenced to the custody of the Louisiana Department of Corrections for a period of twenty (20) years, pursuant to the provisions of *LSA R.S. 15:529.1*.

A timely appeal ensued and in an unpublished opinion the judgment of conviction and sentence was affirmed. See *State v. Pham*, 2006-0326, {La.App. 1 Cir. 9/15/06}, 936 So.2d 885

The Louisiana Supreme Court denied relief on the 18th day of May 2007. See *State v. Pham*, 2006-2624, {La. 05/18/2007}, 957 So.2d 151

On the 13th day of November 2006 Defendant filed into the 19th Judicial District Court, in and for the Parish of East Baton Rouge, Louisiana a Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts. See Appendix *P-1*

The Motion remained pending on the trial Court's docket for more than sixth {60} days, which resulted in Defendant filing an Application for

Writ of Mandamus to this Honorable Court on the 2nd day of February 2008. See Appendix *P-2*

On the 23rd day of March 2007 a Panel of this Honorable Court, in the matter of **State v. Pham,**[1] ordered the trial Court to act on Relator's "Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts" on or before the 23rd day of April 2007 and the trial Court was further ordered to provide this Court with a copy of its action thereon on or before the 30th day of April 2007.

The trial Court totally ignored this Court's Writ Grant; and, on the 8th day of June 2008 Defendant filed to this Court a Motion and Order to Show Cause. See Appendix *P-3*

On the 9th day of July 2007 this Honorable Court denied the relief sought in the Motion and Order to Show Cause based in part of information received from the Clerk's office of the 19th Judicial District Court that the trial Court acted on Defendant's Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts on the 2nd day of April 2007. See **State v. Pham**[2] also see **State v. Pham**[3]

In compliance with the dictates of this Court's latter ruling on the 7th day of September 2007 Defendant wrote a letter to the Clerk of the 19th Judicial District Court seeking a copy of the trial Court's 2 April 2007 ruling. See Appendix *P-4*

---

[1] No:  2007 K 0254, (La.App. 1 Cir. 03/23/2007)

[2] No:  2007 KW 1111, {La.App. 1 Cir. 07/09/2007}

[3] No:  2007 KW 1485, {La.App. 1 Cir. 08/04/2007}

On the 21st day of September 2007 a copy of the trial Court's 2 April 2007 ruling denying Defendant's Motion for Production of Documents was received.  See Appendix *P-5*

On the 28th day of September 2007 Defendant filed to this Honorable Court an Application for Writ of Mandamus and same was denied on the 15th day of November 2007.  See ***State v. Pham***, No:  2007 KW 1962, {La.App. 1 Cir. 11/15/2007}

In compliance with this Ruling on the 31st day of December 2007 Defendant filed to the trial Court an Uniform Application for Postconviction Relief and a Motion to Hold in Abeyance.  See Appendix *P-6* and *7*

On the 28th day of January 2008 Commissioner Morgan ordered the custodian, through the District Attorney to file any procedural objections he/she may have within thirty {30} of the date of said Order.  See Appendix *P-8*

On the 4th day of March 2008 Defendant received a copy of the prosecution's Procedural Objection and Answer to Application for Postconviction Relief.  See Appendix *P-9*

On the 12th day of March 2008 Defendant filed to the trial Court his Opposition to District Attorney's Procedural Objection and Answer.  See Appendix *P-10*

On the 1st day of May 2008 Defendant received a copy of the Commissioner's Recommendation.  See Appendix *P-11*

On the 12th day of May 2008 Defendant timely filed to the trial Court his Opposition to Commissioner's Recommendation.  See Appendix *P-12*

On the 19th day of May 2008 Defendant filed to the trial Court a Motion and Order for Leave of Court to Expand Record.  See Appendix **P-13**

On the 18th day of June 2008 the trial Court denied the Motion and Order for Leave of Court to Expand Record.  See Appendix **P-14**

On the 1st day of October 2008 Defendant wrote a letter to the trial Court to ascertain the status of his postconviction application.   See Appendix **P-15**

On the 9th day of October 2008 Defendant received a copy of the trial Court's 19 May 2008 ruling denying his Application for Postconviction Relief.  See Appendix **P-16**

On the 9th day of October 2008 Defendant filed to the trial Court his Notice of Intent to Seek Writs, pursuant to the provisions of Rule 4-2 of the URCA and inadvertently listed the 3rd day of October 2008 as the trial Court's ruling date, when in fact, that is the date the Clerk's office stamped the document and the trial Court's ruling date is 19 May 2008, received on the 9th day of October 2008.  See Appendix **P-17**

The trial Court has taken no action thereon and it's for this reason this Writ Application is submitted without a return date, but same is filed within the closing of the thirty (30) day window, pursuant to Rule 4-3 of the URCA; and as such, this Writ Application filed this 30th day of October 2008 is timely and properly before this Honorable Court for a meritorious review.

**ASSIGNMENT OF ERROR**

*1)* The trial Court erred in denying Defendant's Application for Postconviction Relief; thus, denying him his constitutionally protected right to review and a complete record.

**ISSUE**

*1)* Whether the trial Court erred in denying Defendant's Application for Postconviction Relief; and, whether the trial Court erred in denying Defendant his constitutionally protected right to review and a complete record?

**ARGUMENT OF ERROR NUMBER ONE:**

    *1)   The trial Court erred in denying Defendant's Application for Postconviction Relief; thus, denying him his constitutionally protected right to review and a complete record.*

**TIMELINESS**

    The record reveals that the trial Court denied Defendant's Motion for Verbatim Copy of Trial and Sentencing Transcripts on the 2nd day of April 2007; however, a copy of same was not received by Defendant until the 21st day of September 2007.

    State prisoner's state court application for supervisory writs was "properly filed" as required for statutory tolling of the federal habeas limitations period, even though the application was filed after the state's 30-day deadline for the application, where the deadline contained exceptions which allowed the state Court of Appeal to consider on the merits an application that was not timely filed if there was a showing that the delay in filing was not due to the applicant's fault, and where the state Court of Appeal did consider the application on the merits. 28 U.S.C.A. § 2244(d)(2); Uniform Rules, Courts of Appeal, Rule 4-3, 8 LSA-R.S. See *Grillette v. Warden, Winn Correctional Center*[4]

    Defendant respectfully suggests to this Honorable Court that his Writ Application is timely, based on the grounds that he is not at fault for the delay nor did he sleep on his rights and simply allowed the time within which to seek writs to elapse.

    The record reflects that Defendant's Writ Application is filed within the [c]losing of the thirty {30} day window from the time of receipt of the

---

[4] *(C.A.5(La.)2004), 372 F.3d 765*

trial Court's denial; and as such, his Writ Application should be considered timely filed and the merits reached.

**1)**   ***The trial Court erred in denying Defendant's Application for Postconviction Relief; thus, denying him his constitutionally protected right to review and a complete record.***

**Mr. Hoang P. Pham**, hereinafter referred to as Defendant has been charged in bill of information so filed by the District Attorney, in and for the Parish of East Baton Rouge, Louisiana with the offense of "unauthorized use of a motor vehicle", a felony.

At arraignment Defendant pled not guilty thereto and elected to have his culpability decided by a jury of his peers.

Trial was commenced, and when all the evidence and testimonies had been presented and heard Defendant was found to be guilty as charged and was subsequently sentenced to the custody of the Secretary of the Louisiana Department of Corrections for a period of eight {8} years.

The prosecution then and there provided Notice of its intent to file and did file an habitual offender bill of information, alleging Defendant to be a fourth felony offender and the trial Court, ensuing hearing in Open Court adjudicated Defendant a fourth felony offender.

Ensuing hearing and denial of all post-trial pleadings, Defendant was sentenced to the custody of the Louisiana Department of Corrections for a period of twenty (20) years, pursuant to the provisions of ***LSA R.S. 15:529.1***.

Trial court is not required to grant indigent's motion for production of document other than copy of transcript of Boykin proceeding unless motion establishes that transcript will support particular claim. See ***State v. Nash***, 604 So.2d 1054, {La.App. 1 Cir. 1992}

The Louisiana Supreme Court has held that an indigent is entitled to one free copy of his Boykin transcript, without alleging a particular need for the transcript. See **State ex rel Johnson v. Clerk of Court**, 479 So.2d 916 (La.1985). However, if an indigent seeks a copy of any other transcript, including the sentencing proceeding, he must state a particularized need for the document. See **State ex rel Joseph v. State**, 482 So.2d 680 (La.App. 1st Cir.1985). A particularized need has been defined as a showing that the "suit ... is not frivolous and that the transcript is needed to decide the issue presented ..." See, e.g., **U.S. v. MacCollom**, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). Thus, if the court elected to order that relator be provided with a copy of the sentencing transcript without his first having shown a particularized need for the document, it could do so. However, the court is not required to grant a motion for production of a document other than a copy of the transcript of the Boykin proceeding unless the motion establishes that the transcript will support a particular claim. Relator may request a copy of the transcript without a showing of a particularized need under the Public Records Act, La.R.S. 44:3, et seq. However, in such case, he should be prepared to pay the regular service fees for the document. *Nash*, supra

Pursuant to the progeny of **Nash**, supra on the 13th day of November 2006 Defendant filed into the 19th Judicial District Court, in and for the Parish of East Baton Rouge, Louisiana a Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts stating therein his particularized need for the requested records; to-wit: Defendant contends further that during the trial had herein the prosecution made mention of other crimes evidence for which he was not on trial for nor had he been provided the

requisite notice and during the sentencing had herein the trial Court failed to comply with the provisions of *La.C.Cr.P. art. 894.1*.

In spite of complying with the dictates of *Nash*, supra the trial Court denied Defendant's Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts.

Indigent inmate has constitutional right to free copies of documents to which he or she is not entitled as of right only in those instances where he or she shows that denial of request will deprive him or her of adequate opportunity to present his or her claims fairly. See *State ex rel. Bernard v. Criminal District Court Section J*, 94-2247, {La. 4/28/1995}, 653 So.2d 1174

The *Bernard* Court stated further that: This Court's jurisprudence requires lower courts to provide indigent inmates with copies of certain types of documents as of right. **State ex rel. Simmons v. State**, 93-0175 (La. 12/16/94), 647 So.2d 1094. As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an "adequate opportunity to present [his] claims fairly." **United States v. MacCollom**, 426 U.S. 317, 324, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) (quoting **Ross v. Moffitt**, 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974)). Meeting that constitutional threshold requires a showing of what this Court has called "particularized need."

For the inmate requesting documents in anticipation of a collateral attack on his conviction, adequate opportunity to present his claims requires first and foremost meaningful access to the post-conviction procedures provided by the legislature in La.C.Cr.P. art. 924 et seq. That

access does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents "to comb the record for errors." **State ex rel. Payton v. Thiel**, 315 So.2d 40 (La.1975). If an inmate has identified specific constitutional errors in the proceedings leading to his conviction and sentence, as required by La.C.Cr.P. art. 930.3, he may also "specify with reasonable particularity the factual basis for such relief," and thereby meet the initial requirements set forth in La.C.Cr.P. art. 926 for filing the application and invoking the post conviction articles. An inmate therefore cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. See **Payton**, supra; **State v. Drozd**, 116 Ariz. 330, 569 P.2d 272, 274 (Ct.App.1977) ("[d]ue process and equal protection surely do not require the providing of transcripts to make petitioner aware in the first instance of events or occurrences which constitute grounds for collateral attack"). Cf. **Cutbirth v. State**, 695 P.2d 156, 159 (Wyo.1985) ("a petition for post-conviction relief must be on file and the district court must determine that the petition has merit" before an inmate will receive free copies of transcripts); **Reed v. State**, 310 Ark. 651, 840 S.W.2d 165, 166 (1992) (free copies of "material on file" available to inmate only when he "demonstrates some compelling need for specific documentary evidence to support an allegation contained in a petition for post conviction relief"). ***Bernard***, supra

In another attempt to obtain a copy of the above described records; in accord with the provisions of ***Bernard***, supra on the 31st day of December

2007 Defendant filed to the trial Court an Uniform Application for Postconviction Relief and a Motion to Hold in Abeyance.

On the 9th day of October 2008 Defendant received a copy of the trial Court's 19 May 2008 ruling denying his Application for Postconviction Relief.

The record reflects further that Defendant even tried to obtain a copy of his record through his appellate counsel; and, this attempt as all others failed also.

Despite constitutional right to complete review of record, defendant is not entitled to relief where his right of review is prejudiced by his own act or omission.  LSA-Const. Art. 1, § 19; LSA-C.Cr.P. art. 843.  See **State v. Ford**, 92-2029, {La.App. 4 Cir. 199}, 650 So.2d 808

The record before this Honorable Court is devoid of any evidence from which this Court may conclude that Defendant contributed to his own prejudice; however, he is gravely prejudiced by the trial Court's denial of his Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts; in that, his access to the Courts is meaningless and he is coerced to serve a sentence which is totally unconstitutional and illegal.

Defendant contends finally that this Honorable Court has the authority and power to reverse the judgment of the trial Court and undo the injustice to which he has been subjected to, by ordering the conveyance of the requested records.

**CONCLUSION**

For the reasons aforementioned and in the interests of justice and judicial economy Defendant respectfully prays that this Honorable Court, ensuing due consideration, find the law and evidence to be in his favor and grant unto him any and all relief to which he may be entitled.

### VERIFICATION-CERTIFICATE OF SERVICE

*STATE OF LOUISIANA*

*PARISH OF ALLEN*

On the **16th** day of **October 2008**, personally came and appeared **HOANG P. PHAM,** hereinafter referred to as Appearer, who after being duly sworn, did dispose and stated the following:

Appearer stated that he is named Defendant in the foregoing; and, that he has read and understands the allegations contained therein and that same are true and correct to the best of his knowledge and information.

Appearer hereby certifies that he has caused a copy of the foregoing to be properly served on the Honorables: Anthony J. Marabella, Jr., Judge, of the 19th Judicial District Court and the District Attorney, in and for the East Baton Rouge, Louisiana by placing a copy of same in the United States Mail with sufficient postage and properly addressed this ˍ30ᵗʰˍ day of ˍ*October*ˍ **2008**.

_____
**HOANG P. PHAM, APPEARER**

**SWORN TO AND SUBSCRIBED** in my presence on the date first above written.

JOHN ONELLION #033585
_____
**PRINT NOTARY'S NAME**

_____
**NOTARY'S SIGNATURE**

Located.@.13.Jupiter.H.Pham.Nash          12 October 2008

| STATE OF LOUISIANA | ooo | STATE OF LOUISIANA |
|---|---|---|
| VS. CASE NO: 09 04 0518 "I" | ooo | 19TH JUDICIAL DISTRICT COURT |
| HOANG P. PHAM | ooo | PARISH OF EAST BATON ROUGE |
| FILED: _____ | | _____ |
| | | CLERK OF COURT |

### NOTICE OF INTENT TO SEEK WRITS

In accord with Rule 4-2 of the URCA, **HOANG P. PHAM**, hereinafter referred to as Defendant, respectfully gives **NOTICE** to this Honorable Court of his intent to apply for writs to issue from the Louisiana Courts of Appeal, First Circuit, to this Court, to review this Court's Ruling rendered on the 3rd day of October 2008, denying his Application for Postconviction Relief.

**WHEREFORE,** Defendant respectfully prays that this Honorable Court, in accord with the provisions of Rule 4-3 of the URCA fix a reasonable time within which any application for Writs be filed to the Honorable First Circuit Court of Appeal.

Submitted with respect,


**HOANG P. PHAM, 277377**
Jupiter D-1-ALC
3751 Lauderdale Woodyard Road
Kinder, LA 70648


### O R D E R

**CONSIDERING THE FOREGOING:**

**IT IS ORDERED** that any application for Writs to issue pursuant to the above Notice be filed on or before the _____ day of _____, 2008.

**THUS DONE, READ AND SIGNED** in My Chambers at Baton Rouge, Louisiana, this _____ day of _____ 2008.


_____
**HONORABLE ANTHONY J. MARABELLA, JR.**
**DISTRICT COURT JUDGE**

*PLEASE SERVE:*

The Honorable District Attorney
in and for the Parish of East Baton Rouge, Louisiana

*thank you big!!!*

Located.@.13.Jupiter.H.Pham.Nash          08 October 2008

**APPENDIX P-15**

# A TRUE EXTRACT OF CRIMINAL COURT MINUTES

Page 1 of 1

NINETEENTH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA, SECTION 01, HONORABLE JUDGE ANTHONY J MARABELLA JR PRESIDING ON DATE OF 19-MAY-2008.

CASE NUMBER 09-04-0518

STATE OF LOUISIANA VS. HOANG P. PHAM, #277377

.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.

   Having Considered the above numbered application for Post Conviction Relief, Motion to Hold in Abeyance and Production of Documents, the court hereby denies all motions. Done and signed this date.

THIS DONE AND SIGNED AT BATON ROUGE, LOUISIANA THIS 03-OCT-2008 .

*Deputy Clerk of Court*
*Doug Welborn, Clerk of Court*

**APPENDIX P-14**

Form 9716C

052808-002128

REC_____

MAY 28 ____

DIV. II, _____

### STATE OF LOUISIANA

#### 19th JUDICIAL DISTRICT COURT

#### PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

VS.                                CRIMINAL DOCKET NO: 09-04-0518 "I"

HOANG PHAM

FILED: _____    _____

                                        CLERK OF COURT

### MOTION AND ORDER FOR LEAVE OF COURT TO EXPAND RECORD

      **COMES NOW, HOANG PHAM.,** hereinafter referred to as Defendant, appearing herein in propria persona, and who respectfully represents to this Honorable Court:

**MAY IT PLEASE THE COURT:**

      Pending on the docket of this Honorable Court is Defendant's Traversal to the Magistrate's Recommendation, filed on the 12th day of May 2008.

      The record reveals that on the 1st day of May 2008 Defendant was duly served with a copy of Commissioner Morgan's Recommendation; and, he had ten {10} days or until the 11th day of May 2008 in which to file his Traversal.

      The record reveals also that the 11th day of May 2008 fell on a Sunday; and, pursuant to the 'mailbox rule', the filing of the Traversal on the **12th** day of **May 2008** is timely.

      Defendant respectfully contends that the Traversal was filed on the due date because he was in search of a letter written to appellate counsel requesting a copy of his record; to no avail, however, he did find the response to his letter from Attorney Frederick Kroenke dated March 28, 2006 which states in part that: 'I do not have a transcript.'

      Defendant respectfully moves this Honorable Court for Leave of Court to Expand the Record to receive and include the above-described letter as part of the globo filing in Appendix *P-1.*

**APPENDIX P-13**

Defendant contends finally that this Court should take into consideration that he is a Vietnamese-American, and although he speaks, the English Language he certainly has difficulties understanding the complexities of Louisiana Law and to further deny him his trial record subjects him to a continuing miscarriage of justice.

**WHEREFORE**, Defendant respectfully prays that this Honorable Court in the interests of justice and for the reasons aforementioned grant his Motion And Order for Leave of Court to Expand Record.

With respect,

HOANG PHAM, 277377
Jupiter D-1-ALC
3751 Lauderdale Woodyard Road
Kinder, LA 70648

STATE OF LOUISIANA

19ᵗʰ JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

VS.                                          CRIMINAL DOCKET NO:  09-04-0518 "I"

HOANG PHAM

FILED: _____     _____
                                                        CLERK OF COURT

O R D E R

CONSIDERING THE FOREGOING:

IT IS ORDERED that Defendant's Motion And Order for Leave of Court to Expand Record be; and, same is hereby GRANTED.

IT IS ORDERED FURTHER that the Clerk of this Court be; and, he/she is hereby ORDERED to receive the letter dated March 28, 2006 authored by Attorney Frederick Kroenke and include same as part of the globo filing in Appendix P-1.

Baton Rouge, Louisiana, this _____ day of _____ 2008.

_____
HONORABLE ANTHONY MARABELLA
DISTRICT COURT JUDGE

DENIED

Date: _____

Judge, 19th Judicial District Court, Section I

PLEASE SERVE:

The Honorable District Attorney
in and for the Parish of East Baton Rouge, Louisiana

*Thank you kindly!!!*

**STATE OF LOUISIANA**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**VS.**                                    **CRIMINAL DOCKET NO:  09-04-0518 "I"**

**HOANG PHAM**

**FILED:** _____          _____
                                                    **CLERK OF COURT**

**OPPOSITION TO COMMISSIONER'S RECOMMENDATION**

    **COMES NOW, HOANG PHAM,** hereinafter referred to as Defendant, appearing herein in propria persona, and who respectfully represents to this Honorable Court that the Commissioner's Recommendation as filed herein should be rejected for the following reasons:

**MAY IT PLEASE THE COURT**:

    Defendant has been charged herein with the offense of "unauthorized use of a motor vehicle", a felony; and, at arraignment pled not guilty thereto and elected to have his culpability decided by a jury of his peers.

    Trial in this matter was commenced, and when all the evidence and testimonies had been presented and heard Defendant was found to be guilty as charged.

    Ensuing hearing and denial of any and all post-trial pleadings, Defendant was sentenced to the custody of the Louisiana Department of Corrections for a period of twenty (20) years, pursuant to the provisions of ***LSA R.S. 15:529.1***.

**APPENDIX P-12**

A timely appeal ensued and in an unpublished opinion the judgment of conviction and sentence was affirmed. See *State v. Pham*, 2006-0326, {La.App. 1 Cir. 9/15/06}, 936 So.2d 885

The Louisiana Supreme Court denied relief on the 18th day of May 2007. See *State v. Pham*, 2006-2624, {La. 05/18/2007}, 957 So.2d 151

On the 13th day of November 2006 Defendant filed into the 19th Judicial District Court, in and for the Parish of East Baton Rouge, Louisiana a Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts and on the 2nd day of April 2007 the trial Court denied same.

Defendant took Writs to the Court of Appeal, First Circuit and on the 15th day of November 2007 same was denied. See *State v. Pham*, No: 2007 KW 1962, {La.App. 1 Cir. 11/15/2007}.

In compliance with the above order Defendant filed an Application for Postconviction Relief pursuant to the progeny of *State ex rel. Bernard v. Criminal District Court Section "J"*, 94 2247, {La. 4/28/95}, 653 So.2d 1174

The prosecution was Ordered to and did file its procedural objection and answer to application for postconviction relief on the 27th day of February 2008 and on the 12th day of March 2008 Defendant filed his opposition to District Attorney's procedural objection and answer to application for postconviction relief.

On the 1st day of May 2008 Defendant was duly served with a copy of Commissioner Morgan's Recommendation; and as such, this Traversal filed this ***12th*** day of ***May 2008*** is timely and properly before this Honorable Court.

In Commissioner Morgan's Recommendation she relies; in part, on Defendant's failure to attempt to obtain a copy of his trial record from his appellate counsel;

however, his appellate counsel failed to comply with the provisions of the Court of Appeal, 3rd Cir. App. E, 8 LSA-R.S. {*Pro Se* Briefing Order}, which states in germane part:

> ## TO DEFENDANT'S ATTORNEY:
>
> ... **BY ORDER OF THE THIRD CIRCUIT COURT OF APPEAL, YOU ARE TO FILL IN THE INFORMATION BELOW AND SEND THIS FORM, ALONG WITH A COPY OF THE BRIEF YOU ARE FILING ON DEFENDANT'S BEHALF, TO THE DEFENDANT. WHEN YOU FILE YOUR BRIEF ON BEHALF OF DEFENDANT WITH THE COURT, YOU SHALL ALSO FILE A COPY OF THE COMPLETED FORM THAT YOU SENT TO THE DEFENDANT...**

Filed herewith in globo, as Appendix ***P-1*** are copies of letters written to the Court of Appeal, First Circuit, by Petitioner, placing that Court with Notice of his intent and desire to Supplement the Appeal, and more importantly, both letters request a copy of the record.

Further, there's nothing in ***Bernard***, supra which requires a defendant seeking to obtain a copy of his or her trial record to seek same from his or her appellate counsel; and therefore, Commissioner Morgan's recommendation that the instant request for documents should be denied because Petitioner failed to seek the record from his appellate counsel is not founded.

To the contrary the Louisiana Supreme Court, in ***Bernard***, supra found that:

*Located.@.13.Jupiter.H.Phani.Nash*          *05 May 2008*                                    - 3 -

> Indigent inmate who identified with factual specificity three constitutional claims he argued would entitle him to postconviction relief could file application for such relief lacking any supporting documentation, and could renew his request for free copies of supporting documents in that application; district court could then determine in first instance whether documents were necessary to fairly resolve inmate's claims. LSA-C.Cr.P. arts. 926, subd. E, 929, 930.

Defendant contends that he has complied with the dictates of *Bernard*, supra; in that, he has identified with factual specificity at least one constitutional claim he believes would entitle him to postconviction relief.

**WHEREFORE**, Petitioner respectfully prays that this Honorable Court, in the interests of justice and for the reasons aforementioned deem his Traversal to be good and sufficient and reject the Report and Recommendation of the Commissioner and order the record be conveyed to Petitioner and until same is received the Application for Postconviction Relief shall be held in abeyance.

With respect,


**HOANG PHAM, 277377**
Jupiter D-1-ALC
3751 Lauderdale Woodyard Road
Kinder, LA  70648

HOANG PHAM           * NUMBER: 9-04-518    SECTION: I

VS.           * 19TH JUDICIAL DISTRICT COURT

          * PARISH OF EAST BATON ROUGE

TERRY L. TERRELL, WARDEN    * STATE OF LOUISIANA

## COMMISSIONER'S RECOMMENDATION

On September 23, 2004, the Defendant was charged by bill of information with 1 count of unauthorized use of a motor vehicle (count 1) and 1 count of possession of a firearm by a convicted felon (count 2).[1] After pleading not guilty to both charges, a jury trial was commenced on June 1, 2005. Thereafter, on June 2, 2005, the District Attorney dismissed count 2 and the jury found the Defendant guilty as charged on count 1. On September 7, 2005, an habitual offender hearing was held wherein the Defendant was adjudged a fourth felony offender. On November 3, 2005, the Defendant was sentenced, in accordance with La. R.S. 15:529.1, to 20 years imprisonment at hard labor.

The Defendant filed a motion to reconsider sentence, which was denied by the trial court on November 28, 2005. Thereafter, the Defendant appealed to the First Circuit Court of Appeal alleging excessive sentence. On September 15, 2006, the First Circuit affirmed the Defendant's conviction, sentence and habitual offender adjudication.

On December 5, 2006, the Defendant filed a Motion for Production of Documents seeking a copy of the entire trial transcript. An order denying the motion was signed by the trial court on April 2, 2007.

On January 9, 2008, the Defendant filed the instant, his first application for post conviction relief alleging a single claim: **Ineffective Assistance of Counsel**. With the application, the Defendant has also filed another request for production of the entire trial transcript and a motion to hold the application in abeyance until receipt of the transcript. On February 27, 2008, the State filed a Procedural Objection and Answer to Application for Post-Conviction Relief. For the reasons outlined in following, the Defendant's request for production and to hold in abeyance should be denied and the instant application should be dismissed by this court.

---

[1] See Bill of Information no. 9-04-518.

**APPENDIX P-11**

**DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND TO HOLD IN ABEYANCE**

In conjunction with the instant post conviction application, the Defendant requests a copy of "the complete trial record" in this matter. The Defendant also moves the court to hold his application in abeyance until he receives the transcript. However, as indicated in foregoing, the Defendant previously filed a motion for production of documents on December 5, 2006, seeking the same documents – the complete trial record. The December 2006 document request was denied by the trial court on April 2, 2007 for failure to show a particularized need.[2]

The Defendant now infers that, through the filing of the instant PCR application, he has shown a particularized need for the trial transcripts in accordance with *State ex rel. Bernard v. Criminal District Court Section "J."*[3] However, even if a particularized need could be shown by the Defendant, which I do not suggest, the record is clear that an appeal was filed on behalf of the Defendant and, in connection with that appeal, a trial transcript was produced and lodged. The jurisprudence provides that one free copy of the transcript shall be provided to the Defendant or his attorney when an appeal is taken.[4] The Defendant is required to obtain a copy of the transcript from his attorney.[5]

The Defendant has not alleged that he has requested a copy of the transcript from his appellate attorney, or that he has requested a copy and the attorney has failed to provide a copy to him. Accordingly, I recommend that the instant request for documents should be denied.

Additionally, the Defendant has not alleged a particularized need for the documents he seeks. In his PCR application, the Defendant only generally alleges that "the record shall establish that errors were made during the trial that are so egregious that a new trial shall be warranted."[6] However, the Defendant fails to identify what errors were made, by whom the errors were made, and how those errors would warrant a new trial. Furthermore, in his sole post conviction claim, the Defendant alleges that his counsel was ineffective for failing to interview or investigate alibi witnesses, failing to object to inadmissible other crimes evidence, and failing to object to the use of an unconstitutional guilty plea to enhance his sentence. However, the Defendant fails to

---

[2] See Order Denying Motion for Production of Documents dated April 2, 2007.
[3] 653 So.2d 1174 (La. 1995).
[4] See *State ex rel. Jarvis v. State*, 00 KW 0197 (La. App. 1 Cir. 3/23/00).
[5] *Id.*
[6] See Defendant's Motion to Hold in Abeyance at p. 2.

2

allege who the alleged alibi witnesses are and what these witnesses would have testified to with regard to an alibi for the Defendant. He also fails to identify what "other crimes evidence" he is referring to. With regard to all of the sub-claims, the Defendant fails to allege sufficient factual claims and how the trial transcript would support these claims on post conviction relief. In other words, he fails to allege facts from which the court could assume that the record supports his claim that his counsel was deficient and that the Defendant was prejudiced. The Louisiana Supreme Court has clearly held that the court is not required to underwrite an inmate's effort to "comb the record for errors."[7] Further, La. C.Cr.P. art. 926 requires sufficient allegations of fact to present a prima facie case for reversal. The Defendant has failed to comply with these requirements.

For any or all of the foregoing reasons, I recommend that the Defendant's request for production of the entire trial transcript should be denied by this court. I further recommend that the Defendant's Motion to Hold in Abeyance should be denied. This recommendation is based in part on my opinion after review of the record that the Defendant's post conviction claim should be dismissed without a hearing for the following reasons.

## CLAIM (MERITS):      INEFFECTIVE ASSISTANCE OF COUNSEL

In the Defendant's sole claim for post conviction relief, he alleges that his trial counsel was ineffective in several respects, including: 1) Failure to interview and investigate alibi witnesses at Defendant's request; 2) Failure to object to inadmissible other crimes evidence; and 3) Failure to object to the use of an unconstitutional guilty plea to enhance the Defendant's sentence. However, despite these allegations, the Defendant fails to allege **any** facts that would show that his counsel was deficient and/or that he suffered prejudice as a result of counsel's deficiencies. Thus, this claim must fail under the prevailing constitutional standard.

The standard of review applicable to claims of ineffective assistance of counsel has been set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). The court articulated a stringent two-prong test for determining the competency of counsel. The Louisiana courts have since adopted the Strickland test.[8]

---

[7] See *State ex rel. Bernard*, supra.
[8] See *State v. James*, 813 So.2d 659 (La. App. 1 Cir. 3/28/02); *State v. Morgan*, 472 So.2d 934 (La. App. 1 Cir. 1983).

3

> ... a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant ... must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at p. 2066 (Emphasis added).

Under *Strickland*, a defendant who claims ineffective assistance of counsel must show <u>both</u> that counsel's performance was deficient and that the deficiency prejudiced the defense.[9] He must also identify specific acts or omissions of counsel. General statements and conclusionary allegations will not suffice,[10] as there is a strong presumption that conduct of counsel falls within a wide range of responsible, professional assistance.[11] Hindsight is not the proper perspective from which to gauge the competence of counsel's trial/appellate decisions, and neither may any attorney's incompetence be decided on whether a particular strategy was successful or not.[12] As set forth by the United States Supreme Court:

> We held that in order to determine whether counsel performed below the level expected from a reasonably competent attorney, it is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'[13]

> * * * * * * * * * * * * * *

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[14]

In evaluating whether counsel's alleged error has prejudiced the defense, it is not enough for the defendant to show that the error had some conceivable effect on the outcome of the trial, but rather, the Defendant must show a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.[15] A failure to make the required showing of <u>either</u> deficient performance or sufficient prejudice defeats the ineffectiveness claim.[16]

---

[9] See *Celestine v. Blackburn*, 750 F.2d 353 (5th Cir. 1984).
[10] See *Knighton v. Maggio*, 740 F.2d 1344 (5th Cir. 1984) (Emphasis added).
[11] See *Id.* citing *Strickland*, 466 U.S. 668, 104 S.Ct. 2052 (1984).
[12] See *State v. Brooks*, 505 So.2d 714 (La. 1987).
[13] *Strickland, supra*, citing *Lockhart v. Fretwell*, 113 S.Ct. 838 (1993).
[14] *Strickland, supra.*
[15] See *Sawyer v. Butler*, 948 F.2d 582 (5th Cir. 1988) (Emphasis added).
[16] See *State v. James, supra* citing *State v. Robinson*, 471 So.2d 1035, 1038-39 (La. App. 1 Cir. 1985) (Emphasis added).

4

La. C.Cr.P. art. 926(B)(3) provides that an application for post conviction relief **shall** allege, "A statement of the grounds upon which relief is sought, specifying with *reasonable particularity* the factual basis for such relief." In the Defendant's application, his IAC claim consists of a single sentence, which is nothing more than a general statement and/or conclusory allegation that his counsel failed to interview/investigate alibi witnesses, failed to object to inadmissible other crimes evidence, and failed to object to an unconstitutional guilty plea used to enhance his sentence.[17] Furthermore, the Defendant fails to allege, with any particularity, who the alleged alibi witnesses are and/or what their alleged testimony would have been if called; what inadmissible "other crimes evidence" was allegedly admitted at trial; and which guilty plea, used at the habitual offender hearing, was allegedly unconstitutional and/or what evidence would support the unconstitutionality of the former plea. In addition to the latter two IAC claims, issues involving a sentence (such as the habitual offender adjudication) do not raise a valid PCR claim.[18] For the foregoing reasons, the Defendant has failed to make the required allegations to support that his counsel was deficient pursuant to *Strickland* and, as such, his ineffectiveness claim is defeated.[19]

I further note that, although the Defendant asserts the need for a complete copy of the trial transcript in order to support the instant IAC claim, the transcript he seeks is silent with regard to the identity and/or testimony of any alleged alibi witnesses, as well as the alleged unconstitutionality of the unidentified guilty plea used to enhance the sentence. Moreover, my brief review of the record fails to reveal any "other crimes evidence" admitted during the trial.[20] Thus, the failure of the Defendant to allege sufficient facts to support the instant claim would not be adversely impacted by his not having a copy of the transcript. For all of the foregoing reasons, this claim is without merit and should be dismissed.

---

[17] See Defendant's Uniform Application for Post-Conviction Relief at p. 6.
[18] See La. C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).
[19] See *State v. James, supra* citing *State v. Robinson*, 471 So.2d 1035, 1038-39 (La. App. 1 Cir. 1985) (Emphasis added).
[20] Although defense counsel objected to the admission of a set of keys as irrelevant "evidence as to other offenses," the trial court overruled the objection finding that the evidence was relevant. See R. 250-251.

5

## COMMISSIONER'S RECOMMENDATION

Considering the Defendant's application for post-conviction relief, the response of the District Attorney, the record and the applicable law, I find that the issues raised herein can be resolved upon this record, without a hearing, and this Writer recommends that the Court dismiss the application for the reasons stated hereinabove. It is further recommended that the Defendant's Motion to Hold in Abeyance, together with the request for production of the entire trial transcript, be denied for the reasons stated hereinabove.

Respectfully recommended this 28 day of April     2008 in Baton Rouge, Louisiana.

_____
RACHEL P. MORGAN
COMMISSIONER SECTION A
NINETEENTH JUDICIAL DISTRICT COURT


Cc:     Defendant/Applicant
        District Attorney's Office – Appellate Division
        Office file

*STATE OF LOUISIANA*

*19th JUDICIAL DISTRICT COURT*

*PARISH OF EAST BATON ROUGE*

*STATE OF LOUISIANA*

*VS.*                                    *CRIMINAL DOCKET NO:  09-04-0518 "I"*

*HOANG PHAM*

*FILED: _____     _____*

                                                    *CLERK OF COURT*

### PETITIONER'S OPPOSITION TO DISTRICT ATTORNEY'S PROCEDURAL OBJECTION AND ANSWER TO APPLICATION FOR POSTCONVICTION RELIEF

**COMES NOW, HOANG PHAM,** hereinafter referred to as Petitioner, appearing herein in propria persona, and who respectfully represents to this Honorable Court that the District Attorney's Opposition and Answer to Application for Postconviction Relief should be rejected for the following reasons:

**MAY IT PLEASE THE COURT:**

In an attempt to not harass and/or vex this Honorable Court with repetitive duplication of the History and Facts of this case Petitioner respectfully adopts the Procedural History and Statement of the Facts as depicted in the District Attorney's Opposition and Answer to Application for Postconviction Relief as his own.

In compliance with the Order of this Court the District Attorney has filed his Opposition and Answer to Application for Postconviction Relief and a copy of same was received by Petitioner on the 4th day of March 2008; and as such, this Opposition filed this 13th day of March 2008 is timely and properly before this Honorable Court.

In the District Attorney's Argument he complains of the vagueness and overly broadness of the claims which Petitioner desires to assert in his Application for Postconviction Relief; however, without the record there is no way he or any one else can be anything but vague and broad, which is the core reason for the need of the requested record and without them he simply cannot establish his claims and may therefore be coerced to serve a sentence which is illegal or otherwise unconstitutional.

**APPENDIX P-10**

Petitioner respectfully moves this Honorable Court to take cognizance of the fact that he is Vietnamese and even though he reads and writes the English language his ability to read and construe the complexities of Louisiana law is scant and the District Attorney argues that his request for the trial record should be denied based on the premise that Petitioner had prior knowledge of the claims he is desirous to effectively litigate in his Application for Postconviction Relief when in fact there is simply no way he could have personally known of these grave errors prior to this time; rather, he relied totally on the knowledge, expertise and experience of appointed counsel who apparently did not know of them or for other reasons laid down and allowed the District Attorney to trample on his constitutionally protected rights. Further, it was through Assigned Inmate Counsel Substitute whom Petitioner became aware of these errors, ensuing multiple sessions.

Petitioner contends finally that all ends of justice shall be best served by this Court rejecting the District Attorney's Opposition and Answer to Application for Postconviction Relief and find that he has demonstrated a particularized need for the requested record and without them his access to the Courts becomes meaningless.

**WHEREFORE**, Petitioner respectfully prays that this Honorable Court, in the interests of justice and for the reasons aforementioned deem his Opposition to the District Attorney's Opposition and Answer to Application for Postconviction Relief to be good and sufficient and reject same.

Petitioner prays finally that ensuing due consideration this Honorable Court grant his request for the trial record and order the Court Reporter to cause a copy of same to be conveyed to Petitioner free of charge.

Submitted, with the utmost of respect,

HOANG PHAM, 277377
Jupiter D-2 ALC
751 Lauderdale Woodyard Road
Kinder, LA 70648

**PLEASE SERVE:**

The Honorable District Attorney
in and for the Parish of East Baton Rouge, Louisiana

**Thank you BIG**

HOANG PHAM                                   DOCKET NO. 9-04-0518  SEC I

VERSUS                                       19TH JUDICIAL DISTRICT COURT

TERRY L. TERRELL, WARDEN                     PARISH OF EAST BATON ROUGE

                                             STATE OF LOUISIANA


## PROCEDURAL OBJECTION AND ANSWER TO APPLICATION FOR POST-CONVICTION RELIEF

**A.     Procedural History**

      Defendant, Hoang Pham, was charged by bill of information with unauthorized use of a motor vehicle and possession of a firearm by a convicted felon, violations of La. R.S. 14:68.4 and 14:95.1.[1]  Defendant's jury trial began on June 1, 2005.[2]  The following day, the jury returned a guilty as charged verdict.  On September 7, 2005, the court held a hearing that established defendant was a multiple offender, and reset sentencing.  On November 2, 2005, defendant was initially sentenced to eight years on the underlying offense.[3]  When the court realized that the State had proven defendant to be a fourth felony offender, the court reset the matter for the following day.  On November 3, 2005, the court correctly sentenced defendant as a fourth felony offender.[4]  The court sentenced defendant to the most lenient sentence allowed by law, twenty years.[5]

      The defendant filed a motion to reconsider sentence, which was denied.[6]  Defendant also filed a motion to appeal, which was granted.[7]  On appeal, defendant asserted that his sentence was excessive.  The First Circuit Court of Appeal affirmed the conviction, sentence and habitual offender adjudication on September 15, 2006.

**B.     Statement of the Facts**

      On July 21, 2004, Latonia Croom discovered her black Honda Civic was stolen from her apartment complex parking lot.[8]  She immediately notified the police.  Later that day, the police found the vehicle.

      The police had been actively looking for defendant in connection with an unrelated case.[9]  Brooke Civils was a friend of the defendant who notified police the he was at her residence.  The

---

[1] Bill of information no. 9-04-0518, R. p. 13.  The felon in possession of a firearm charge was subsequently dismissed.
[2] R. p. 3.
[3] R. p. 336.
[4] R. p. 344.
[5] R. p. 344, See La. R.S. 15:529.1 (A)(2)(c)(i).
[6] R. pp. 71, 73.
[7] R. pp. 74, 76.
[8] R. p. 233.

**APPENDIX P-9**

police responded and when they arrived at Civils' residence, they found defendant in the black Honda Civic. A short chase car ensued, which ended with defendant's apprehension.

## ARGUMENT

### Petitioner is not entitled to the documents requested

Through his application for post-conviction relief, petitioner seeks his trial transcripts and other court documents. He alleges that his appointed counsel failed to interview alibi witnesses which "deprived petitioner of his only plausible defense" and failed to object to prior unconstitutional infirm guilty pleas, used to enhance petitioner's sentence.

**Claims no. 1 & 2:** **Petitioner fails to provide a particularized need.**

Louisiana jurisprudence requires lower courts to provide indigent inmates with copies of certain types of documents as of right.[10] As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an "adequate opportunity to present [his] claims fairly."[11] Meeting that constitutional threshold requires a showing of what this Court has called "particularized need." For the inmate requesting documents in anticipation of a collateral attack on his conviction, adequate opportunity to present his claims requires first and foremost meaningful access to the post-conviction procedures provided by the legislature in La C.Cr.P. art. 924 et seq. That access does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents "to comb the record for errors."[12]

Petitioner's allegations allege that defense counsel failed to interview alibi witnesses, counsel failed to object to inadmissible other crimes evidence, and that counsel failed to object to the use of "unconstitutionally infirm prior guilty plea" at the habitual offender adjudication. Each claim is vague and overly broad. Petitioner fails to provide a particularized need for the documents that he requests. Petitioner was caught by police as he was driving the stolen vehicle.[13] Accordingly, an alibi witness interview would not have benefited him. Further, petitioner fails to explain what inadmissible other crimes evidence was entered or which prior guilty pleas where unconstitutional. Petitioner merely makes a blanket statement asserting these

---

[9] R. p. 243.
[10] *State ex rel Simmons v. State*, 93-0175 (La. 12/16/94), 647 So.2d 1094
[11] *United States v. MacCollom*, 426 U.S. 317, 324, 96 S.Ct. 2086, 2091, 48 L.Ed. 2d 666(1976) quoting *Ross v. Moffitt*, 417 U.S. 600, 616, 94S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974).
[12] *State ex rel Payton v. Thiel*, 315 So.2d 40.
[13] R. pp. 264, 274.

various violations. Petitioner's desperate attempt to obtain a free copy of the various court documents is lacking and this application is due to be dismissed.

**Claim nos. 12-16: Procedural Bar: Petitioner failed to raise claims in the appellate court.**

La.C.Cr.P. art. 930.4 provides:

(B) If the application [for post-conviction] alleges a claim of which the petitioner had knowledge and inexcusably filed to raise in the proceedings leading to conviction, the court may deny relief.

(C) If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.

The state submits that petitioner had knowledge of these claims and failed to pursue them either at trial or on appeal. Petitioner was present at trial and should have been aware of these alleged errors, yet he failed to raise the present claims. Petitioner's explanation for failing to raise these claims on appeal is due to his lack of legal knowledge. The state urges that this excuse is not sufficient. Accordingly, these claims should be dismissed in accordance with La. C.Cr.P. art. 930.4.

<u>CONCLUSION</u>

The State of Louisiana respectfully requests that petitioner's application for post-conviction relief, as well as the relief requested therein, be denied.

RESPECTFULLY SUBMITTED,

DOUG MOREAU
DISTRICT ATTORNEY

By: _____
Kory J. Tauzin #27660
Assistant District Attorney
Parish of East Baton Rouge
State of Louisiana
222 St. Louis Street
Baton Rouge, Louisiana 70802
Telephone: (225) 389-3453

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid to Hoang Pham, D.O.C. #277377, Jupiter D-2-ALC, 751 Lauderdale Woodyard Road, Kinder, Louisiana 70648.

Baton Rouge, Louisiana, this __27^{th}__ day of February, 2008.

Kory J. Vauzin #27660
Assistant District Attorney

HOANG PHAM                        * NUMBER: 9-04-0518   SECTION: I

                                  * 19TH JUDICIAL DISTRICT COURT
VS.
                                  * PARISH OF EAST BATON ROUGE

TERRY L. TERRELL, WARDEN          * STATE OF LOUISIANA

<u>ORDER</u>

Considering the application for post conviction relief filed herein in the above named and captioned suit, the law being in favor thereof;

**IT IS ORDERED** that the custodian, through the District Attorney for the Parish of East Baton Rouge, file any procedural objections he/she may have or, alternatively;

**IT IS FURTHER ORDERED** that the custodian, through the District Attorney for the Parish of East Baton Rouge, file an answer on the merits if he/she has no objections to the petition.

**IT IS FURTHER ORDERED** that such procedural objections or answer be filed within 30 days of the date of this order.

**THUS DONE AND SIGNED** this ___28___ day of __January__, 2008.

_____
RACHEL P. MORGAN
COMMISSIONER SECTION A
NINETEENTH JUDICIAL DISTRICT COURT

Cc:    Defendant/Applicant
       Office file

**APPENDIX P-8**

*STATE OF LOUISIANA*

*19th JUDICIAL DISTRICT COURT*

*PARISH OF EAST BATON ROUGE*

*STATE OF LOUISIANA*

*VS.*                                    *CRIMINAL DOCKET NO: 09-04-0518 "I"*

*HOANG PHAM*

*FILED: _____*        _____

                                        *CLERK OF COURT*

### MOTION TO HOLD IN ABEYANCE

**COMES NOW, HOANG PHAM.,** hereinafter referred to as Defendant, appearing herein in propria persona, and who respectfully represents to this Honorable Court that the Uniform Application for Postconviction Relief filed herein should be held in abeyance for the following reasons:

*MAY IT PLEASE THE COURT:*

Defendant has been charged herein with the offense of "unauthorized use of a motor vehicle", a felony; and, at arraignment pled not guilty to the charged offense and elected to have his culpability decided by a jury of his peers.

Trial in this matter was commenced and when all the evidence and testimonies had been presented and heard Defendant was found to be guilty as charged.

Ensuing hearing and denial of any and all post-trial pleadings Defendant was sentenced to the custody of the Louisiana Department of Corrections for a period of twenty (20) years, pursuant to the provisions of *LSA R.S. 15:529.1.*

A timely appeal ensued and in an unpublished opinion the judgment of conviction and sentence was affirmed. See *State v. Pham*, 2006-0326, {La.App. 1 Cir. 9/15/06}, 936 So.2d 885

The Louisiana Supreme Court denied relief on the 18th day of May 2007. See *State v. Pham*, 2006-2624, {La. 05/18/2007}, 957 So.2d 151

On the 13th day of November 2006 Defendant filed into the 19th Judicial District Court, in and for the Parish of East Baton Rouge, Louisiana a Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts and on the 2nd day of April 2007 the trial Court denied same.

**APPENDIX P-7**

Defendant took Writs to the Court of Appeal, First Circuit and on the 15th day of November 2007 same was denied. See *State v. Pham*, No: 2007 KW 1962, {La.App. 1 Cir. 11/15/2007}. In compliance with the above order Defendant's properly filed Application for Postconviction Relief is respectfully submitted pursuant to the progeny of *State ex rel. Bernard v. Criminal District Court Section "J"*, 94 2247, {La. 4/28/95}, 653 So.2d 1174

Defendant contends and the record shall establish that errors were made during his trial that are so egregious that a new trial shall be warranted; however, without a copy of the trial record he cannot establish his claims raised in the Application for Postconviction Relief and may be coerced to serve a sentence which is unconstitutional and/or otherwise illegal.

*WHEREFORE*, Defendant respectfully prays that this Honorable Court, in the interests of justice and for the reasons aforementioned grant his Motion to Hold in Abeyance his Application for Postconviction Relief.

Defendant prays further that this Court order the Clerk of this Court to convey unto him a copy of the complete trial record.

Defendant prays also that his right to Supplement the Application for Postconviction Relief be reserved.

Defendant prays finally that this Court; alternatively, fix this matter for contradictory hearing with the State of Louisiana and that Terry L. Terrell, Warden of Allen Correctional Center, Kinder Allen Parish, Louisiana be ordered to produce him before this Court on the day, date and hour to be fixed by this Court.

Submitted with the utmost of respect,

*HOANG PHAM, 277377*
Jupiter D-2-ALC
751 Lauderdale Woodyard Road
Kinder, LA 70648



**STATE OF LOUISIANA**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

*STATE OF LOUISIANA*

*VS.*                                             CRIMINAL DOCKET NO: 09-04-0518 "I"

*HOANG PHAM*

*FILED:* _____     _____
                                                          CLERK OF COURT

## O R D E R

**CONSIDERING THE FOREGOING:**

**IT IS ORDERED** that Defendant's Motion to Hold in Abeyance his Application for Postconviction Relief be; and, same is hereby **GRANTED**.

**IT IS ORDERED FURTHER** that the Clerk of this Court be; and, he/she is hereby **ORDERED** to convey unto Defendant a copy of the complete trial record and provide this Court with proof of compliance herewith.

**IT IS ORDERED ALSO** that Defendant shall be granted Leave of Court to Supplement the Application for Postconviction Relief, within _____ days from the date of receipt of the trial Record.

**IT IS ORDERED ALTERNATIVELY** that this matter be; and, same is hereby fixed for contradictory hearing with the State of Louisiana on the _____ day of _____ 2008.

**IT IS ORDERED FINALLY** that Terry L. Terrell, Warden of Allen Correctional Center, Kinder Allen Parish, Louisiana be; and, he is hereby **ORDERED** to produce Defendant who is in his custody before this Court on the day, date and hour first above written.

Baton Rouge, Louisiana, this _____ day of _____ 2008.

_____
**ANTHONY MARABELLA**
**DISTRICT COURT JUDGE**

*PLEASE SERVE:*

The Honorable District Attorney
in and for the Parish of East Baton Rouge, Louisiana

*Thank you kindly!!!*

Located @.13.Jupiter.H.Pham.Nash          29 December 2007                                    - 3 -

**UNIFORM APPLICATION FOR**
**POST-CONVICTION RELIEF**


*HOANG PHAM*

NAME OF APPLICANT

PRISON NUMBER: *277377*

*ALLEN CORRECTIONAL CENTER*
*KINDER, LOUISIANA.*
PLACE OF CONFINEMENT

                    VS.

*TERRY L. TERRELL,*
CUSTODIAN (*Warden*, Superintendent, Jailor,
or other person having custody of petitioner)

NO: _____
                    (to be filled in by Clerk)

*19TH* JUDICIAL DISTRICT COURT


PARISH OF: *EAST BATON ROUGE*
          STATE OF LOUISIANA


    Please Serve CUSTODIAN and The Honorable: *DOUG MOREAU* DISTRICT
ATTORNEY, *19TH* JUDICIAL DISTRICT COURT, STATE OF LOUISIANA.


### INSTRUCTIONS -- READ CAREFULLY


1. This petition must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary

2. Only one judgment may be challenged in a single petition except that convictions on multiple counts of a single indictment or information may be challenged in one petition.

3. YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE PETITION.

4. When the petition is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

5. You must attach official documentation showing your sentence and the crime for which you have been convicted. You may obtain that documentation from the clerk of court of the district court of the parish where you were sentenced or from the institution where you are confined. If that documentation is not attached, you must allege what steps were taken to obtain it.

6. Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.


**APPENDIX P-6**

## PETITION

(1) Name and location of court which entered the judgment of conviction challenged:

**19TH JUDICIAL DISTRICT COURT**
**P.O. BOX 1991**
**BATON ROUGE, LOUISIANA  70821-1991**

*(2)* Date of judgment of conviction:

**3 NOVEMBER 2005**

(3) Length of sentence:

**TWENTY (20) YEARS, PURSUANT TO LSA-R.S. 15:529.1**

(4) Nature of offense involved (all counts):

**UNAUTHORIZED USE OF A MOTOR VEHICLE**

(5) What was your plea?  (check one)

(a) Not guilty (*XX*)

(b) Guilty (   )

(c) Not guilty and not guilty by reason of insanity (   )

If you entered a guilty plea to one or more counts and not guilty to other counts, give details.

*N/A*

(d) Name and address of the lawyer representing you at your plea (if you had no lawyer, please indicate)

**SCLYNSKI "LYN" SMITH**
**ATTORNEY AT LAW**
**300 LOUISIANA AVENUE**
**BATON ROUGE, LA  70802**

(e) Was the lawyer appointed (*XX*) or hired (   )? (check one)

(6) Kind of trial:  (check one)

(a) Jury (*XX*)

(b) Judge only (   )

(7)    (a) Name and address of the lawyer representing you at your trial:

*SAME AS 5(d)*

(b) Was the lawyer appointed (*XX*) or hired (   )? (check one)

(8) Did you testify at the trial?  Yes (   ) No (*XX*)

Located @ 13.Jupiter.H.Pham.Nash          23 December 2007

(9)     (a)  Give the name and address of the lawyer who represented you at sentencing for the conviction being attacked herein.

*LAURIE R. EARL*
*ATTORNEY AT LAW*
*APT. A, 23045 JADE DR.*
*PLAQUEMINE, LA  70764*

(b) Was the lawyer appointed (*XX*) or hired (   )?  (check one)

(10) Did you appeal from the judgment of conviction?  Yes (*XX*) No (   )

(11) If you did appeal, give the following information:

(a) Citation, docket number, and date of written opinion by the Appeal Court (if known).

*936 So.2d 885, 2006 0326, {LA.APP. 1 CIR. 09/15/2006}*

(b) Name and address of lawyer representing you on appeal:

*FREDERICK KROENKE*
*APPELLATE ATTORNEY*
*435 LOUISIANA AVENUE*
*BATON ROUGE, LA  70802-5820*

(c) Was the lawyer appointed (*XX*) or hired (   )?  (check one)

(12) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court?  Yes (   ) No (*XX*)

(13) If your answer to 12 is "yes", give the following information:

(a)(1) Name of court:

*N/A*

(2)  Nature of proceeding:

*N/A*

(3) Claims raised:

*N/A*

(4) Did you receive an evidentiary hearing on your application?  Yes ( ) No (*XX*)

(5) Was relief granted or denied?

*N/A*

(6) Date of disposition:

*N/A*

Located @ 13.Jupiter.H.Pham.Nash          23 December 2007

(7) Citation of opinion (if known):

*N/A*

(8) Name and address of lawyer representing you [if none, so state]:

*N/A*

(9) Was the lawyer appointed ( ) or hired ( )? (check one) *N/A*

(b) As to any second application give the same information:

(1) Name of court:

*N/A*

(2) Nature of proceeding:

*N/A*

(3) Claims raised:

*N/A*

(4) Did you receive an evidentiary hearing on your application? Yes ( ) No *(N/A)*

(5) Was relief granted or denied?

*N/A*

(6) Date of disposition:

*N/A*

(7) Citation of opinion (if known):

*N/A*

(8) Name and address of lawyer representing you [if none, so state]:

*NONE*

(9) Was the lawyer appointed ( ) or hired ( )? (check one) *N/A*

(c) Have you filed any other applications for post-conviction relief with respect to the challenged conviction? Yes ( ) No *(XX)*

If "yes", set forth the details (as above) on separate paper and attach.

(d) Did you appeal or seek writs of review from the denial of any post-conviction application?

(1) First petition, etc. Yes *(XX)* No ( )

(2) Second petition, etc. Yes ( ) No *(XX) N/A*

(e) If you did not appeal or seek writs from the denial of any post-conviction application, explain briefly why you did not:

*N/A*

(f) Name of the lawyer who represented you on appeal from the denial of any post-conviction application [if none, so state]:

(1) First petition
*N/A*

(2) Second petition:

*N/A*

## CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully. If necessary, you may attach extra pages stating additional claims and supporting facts. Do not argue points of law.

The following is a list of those claims, and only those claims, that may provide you with grounds for relief:

1. ***Your conviction was obtained in violation of the constitution of the United States or the State of Louisiana;***
2. The court exceeded its jurisdiction;
3. Your conviction or sentence subjected you to double jeopardy;
4. The limitations on prosecution had expired;
5. The statute creating the offense for which you were convicted and sentenced is unconstitutional;
6. The conviction or sentence constitutes the ex post facto application of law in violation of the Constitution of the United States or the State of Louisiana.

A REMINDER: THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL OF YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FROM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which your complaints about your conviction are based. MERE CONCLUSORY ALLEGATIONS WILL NOT SUFFICE.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:
1. Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.
2. Any claim of which you had knowledge and inexcusably failed to raise in the proceeding leading to conviction may be denied by the court.
3. Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court.
4. A successive application may be dismissed if it fails to raise a new or different claim.
5. A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

# CLAIM I

Claim: *Petitioner contends that the conviction and sentence had herein were obtained in violation of the Constitutions of the United States and the State of Louisiana, in that his constitutionally protected right to effective assistance of counsel has been violated;*

    (a) Supporting FACTS (tell your story briefly without citing cases or law):

    *Mr. Hoang Pham, hereinafter referred to as Petitioner has been charged by bill of information so filed by the District Attorney, in and for the Parish of East Baton Rouge, Louisiana with the offense of 'unauthorized use of a motor vehicle' and at arraignment pled not guilty and elected to have his culpability decided by a jury of his peers.*

    *Trial in this matter was commenced and when all the evidence and testimonies had been presented and heard Petitioner was found to be guilty of the charged offense and ensuing hearing and denial of any and all post trial pleadings he was sentenced to the custody of the Secretary of the Louisiana Department of Corrections for a period of twenty (20) years pursuant to the provisions of LSA-R.S. 15:529.1.*

    *The record reveals that Petitioner was represented by appointed counsel who failed to interview and investigate alibi witnesses at Petitioner's request and this deprivation denied Petitioner of his only plausible defense, further, counsel failed to object to inadmissible other crimes evidence and did not object to the use of an unconstitutionally infirm prior guilty plea, which was used to enhance Petitioner's sentence.*

    *The record in this matter establishes that Petitioner has filed into the trial Court a Motion for Complete and Verbatim Copy of Trial Transcript and this Court has denied same, alleging Petitioner failed to state a particularized need for said record.*

    *In accord with law, made and provided, Petitioner is entitled to collaterally challenge his conviction and sentence had herein; however, without the record his colorable claims may not be established.*

    (b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:

*This claim is establishable by reviewing the record and supporting documents and without reviewing the evidence, so witnesses are not necessarily needed; nonetheless, out of an abundance of caution Petitioner respectfully contends that the below named person shall be called as witness:*

        *1) SCLYNSKI "LYN" SMITH*
          *ATTORNEY AT LAW*
        *300 LOUISIANA AVENUE*
       *BATON ROUGE, LA 70802*

Located @ 13.Jupiter.H.Pham.Nash      23 December 2007

(c) If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why:

*Petitioner has a modicum of understanding and knowledge of the law and legal profession and is not artful therein and he had no way of knowing of these claims prior to now.*

## CLAIM II

Claim:                              *NONE*

(a) Supporting FACTS (tell your story briefly without citing cases or law):

*N/A*

(a) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:

*N/A*

(b) If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why:

N/A

## CLAIM III

Claim:                              *NONE*

(a) Supporting FACTS (tell your story briefly without citing cases or law):

*N/A*

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:

*N/A*

(c) If you failed to raise this ground in the trial court prior to conviction, on appeal or in a prior application, explain why:

*N/A*

You may attach additional pages setting forth the required information (above) if additional claims are asserted.

A. Do you have in a state or federal court any petition or appeal now pending as to the judgment challenged?  Yes [  ] No [*XX*] If "yes", name the court:

B. Do you have any future sentence to serve after you complete the sentence imposed by the judgment challenged?  Yes [  ] No [*XX*]

(1) If so, give name and location of court which imposed sentence to be served in the future: *N/A*
(2) Give date and length of sentence to be served in the future: *N/A*

(3) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes [ ] No [*XX*]

If a copy of the court order sentencing you to custody is not attached, explain why.

*A copy is attached.*

*WHEREFORE*, Petitioner respectfully prays that this Honorable Court, in the interests of justice and for the reasons aforementioned grant unto him any and all relief to which he may be entitled.

*HOANG PHAM- PETITIONER*

_____
Day/           Month/           Year

## APPLICATION FOR APPOINTMENT OF COUNSEL

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

*NONE*

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

*HOANG PHAM – PETITIONER*

Located @ 13.Jupiter.H.Pham.Nash          23 December 2007

*AFFIDAVIT*

*STATE OF LOUISIANA*

*PARISH OF ALLEN*

*HOANG PHAM, 277377* being first duly sworn says that he has read the foregoing application for post-conviction relief and swears or affirms that all of the information therein is true and correct. He further swears or affirms that he is unable to employ counsel because he has no assets or funds which could be used to hire an attorney except as listed above. [Delete reference to appointment of counsel if inapplicable.]

_____
*HOANG PHAM, PETITIONER*

*SWORN TO AND SUBSCRIBED* before *ME* this *06*th day of *December 2007*.

JOHN ONELLION #033585
_____
*JOHN ONELLION NOTARY PUBLIC*

_____
*NOTARY'S SIGNATURE*

Located @ 13.Jupiter.H.Pham.Nash        23 December 2007

- 9 -

STATE OF LOUISIANA

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

VERSUS                                    CRIMINAL DOCKET NO: 09 04 0518

HOANG PHAM

FILED: _____      _____

                                                    CLERK OF COURT

O R D E R

CONSIDERING     THE     FOREGOING     UNIFORM     APPLICATION     FOR
POSTCONVICTION RELIEF:

IT IS ORDERED that an evidentiary hearing in this matter be; and, same is

hereby fixed for the _____ day of _____ 2008 at _____

o'clock _____.m.

IT IS ORDERED FURTHER that the State of Louisiana, through the District

Attorney be; and, he/she is hereby ORDERED to show cause on the day, date and hour

first above written why the relief prayed for should not be granted.

IT IS ORDERED FINALLY that Terry L. Terrell, Warden of Allen Correctional

Center be; and, he is hereby ORDERED to produce Petitioner, who is in his custody

before this Court on the day, date and hour first above written.

Baton Rouge, Louisiana, this _____ day of _____

2008.



_____

ANTHONY J. MARABELLA, JR.
DISTRICT COURT JUDGE

PLEASE SERVE:

The Honorable District Attorney
in and for the Parish of East Baton Rouge, Louisiana.

Thank you big!!!

Located @ 13.Jupiter.H.Pham.Nash          23 December 2007

- 10 -

*COURT OF APPEAL, FIRST CIRCUIT*

*STATE OF LOUISIANA*

*NUMBER:* _____

*STATE OF LOUISIANA*

*VERSUS*

*HOANG PHAM*

*ON THE CRIMINAL DOCKET OF THE*
*19TH JUDICIAL DISTRICT COURT*
*IN AND FOR THE PARISH OF EAST BATON ROUGE,*
*LOUISIANA*
*ANTHONY MARABELLA, HONORABLE JUDGE, PRESIDING*

*CRIMINAL DOCKET NO: 09-04-0518 "I"*

*HOANG PHAM, RELATOR-APPLICANT, APPLYING FOR*
*WRIT OF MANDAMUS*

*SUBMITTED WITH RESPECT,*

*HOANG PHAM, 277377*
*JUPITER D-2-ALC*
*3751 LAUDERDALE WOODYARD ROAD*
*KINDER, LA 70648*

**APPENDIX P-5**

## *TABLE OF CONTENTS*

Appendices----------------------------------------------------- *ii*

Jurisdiction ------------------------------------------------- *iii*

Statement of the case ----------------------------------- *1 - 2*

Conclusion ---------------------------------------------- *3*

Verification--------------------------------------------- *4*

Certificate of service ----------------------------------- *4*

## *APPENDICES*

Motion for Complete and Verbatim
Copy of Trial and Sentencing Transcript---------------------------------- *P-1*

Minutes of trial Court's ruling -------------------------------------- *P-2*

## *JURISDICTION*

Supervisory Jurisdiction is vested in this Honorable Court pursuant to Article V § 10.2 of the 1974 Constitution of the State of Louisiana.

**TO:  THE HONORABLE CHIEF JUDGE AND ALL ASSOCIATE JUDGES OF THE HONORABLE COURT OF APPEAL, FIRST CIRCUIT:**

**MAY IT PLEASE THE COURT:**

Relator has been charged herein with the offense of "unauthorized use of a motor vehicle", a felony; and, at arraignment pled not guilty and elected to have his culpability decided by a jury of his peers.

Trial in this matter was commenced and when all the evidence and testimonies had been presented and heard Relator was found to be guilty as charged.

The prosecution then and there provided notice of its intent to file and did file an habitual offender bill of information wherein Relator was alleged to be a fourth felony offender and ensuing hearing he was found to be a fourth felony offender and after the denial of any and all post-trial pleadings he was sentenced to the custody of the Secretary of the Louisiana Department of Corrections for a period of twenty (20) years pursuant to the provisions of *LSA-R.S. 15:529.1*.

On the 13th day of November 2006 Relator filed to the trial Court a Motion for Complete and Verbatim Copy of Trial and Sentencing Transcripts and on the 5th day of December 2006 the trial Court denied same, alleging a particularized need was not depicted therein.  A copy of the trial Court's ruling was not received until the 21st day of September 2007 and only after Relator had written two (2) letters to thereto seeking a copy of the Court's ruling.

Relator contends that the trial Court's denial in this case is unwarranted and clearly belied by the record; in particular, in compliance with *Nash v. State*, 604 So.2dm1054 {La.App. 1 Cir. 1992} his

particularized need for the requested record is found a page (2) of the Motion and states the following:

> '*Defendant contends further that during the trial had herein the prosecution made mention of other crimes evidence for which he was not on trial for nor had he been provided the requisite notice and during the sentencing had herein the trial Court failed to comply with the provisions of La.C.Cr.P. art. 894.1.*'

After a complete reading of the Motion for Complete and Verbatim Copy of Trial and Sentencing Transcript this Honorable Court is asked to find that Relator has in fact met his onus herein and reverse the trial Court's ruling and order the requested records conveyed to Relator within a reasonable period of time to be fixed hereby.

Relator contends finally that his direct review became final on the 18th day of May 2007 and his time to file an Uniform Application for Postconviction Relief and/or Federal Application for a Writ of Habeas Corpus have both commence to run and are running none stop; and, unless the requested record is received his access to the Courts is meaningless.

*Simmons v. State*, 647 So.2d 1094 {La. 1994}

### *CONCLUSION*

For the reasons aforementioned and in the interests of justice and judicial economy Relator respectfully prays that this Honorable Court, ensuing due consideration, find the law and evidence to be in his favor and grant his writ application, wherein the trial Court shall be ordered to convey unto Relator a Complete and Verbatim Copy of the Trial and Sentencing Transcripts.

## *VERIFICATION CERTIFICATE OF SERVICE*

*STATE OF LOUISIANA*

*PARISH OF ALLEN*

On the 27th day of **September 2007**, personally came and appeared **HOANG PHAM**, hereinafter referred to as Appearer, who after being duly sworn, did dispose and stated the following:

Appearer stated that he is named Relator in the foregoing and that he has read and understands the allegations contained therein and that same are true and correct to the best of his knowledge and information.

Appearer hereby certifies that a copy of the foregoing has been properly served on the Honorables:  trial Judge, of the 19th Judicial District Court and the District Attorney, in and for the Parish of East Baton Rouge, Louisiana by placing a copy of same in the United States Mail with sufficient postage and properly addressed this **28th** day of **September 2007**.

_____
**HOANG PHAM, APPEARER-RELATOR**

**SWORN TO AND SUBSCRIBED** in my presence on the date first above written.

_____
**JOHN ONELLION, NOTARY PUBLIC**

JOHN ONELLION #033585

_____
**NOTARY'S SIGNATURE**

# A TRUE EXTRACT OF CRIMINAL COURT MINUTES
Page 1 of 1

**NINETEENTH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA, SECTION 01, HONORABLE JUDGE ANTHONY J MARABELLA JR PRESIDING ON DATE OF 02-APR-2007.**

**CASE NUMBER 09-04-0518**

**STATE OF LOUISIANA VS. HOANG P. PHAM**

.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.*.

Having this day considered defendant's Motion for Production of Documents filed December 5, 2006, hereby it is denied for failure of the mover to allege a particularized need. Done and signed this date.

THIS DONE AND SIGNED AT BATON ROUGE, LOUISIANA THIS 13-SEP-2007 .

*Vickie Richard*

_____
*Deputy Clerk of Court*
*Doug Welborn, Clerk of Court*

**APPENDIX P-4**

Form 9716C

*STATE OF LOUISIANA*

*19th JUDICIAL DISTRICT COURT*

*PARISH OF EAST BATON ROUGE*

*STATE OF LOUISIANA*

*VS.*                                        *CRIMINAL DOCKET NO: 09-04-0518 "I"*

*HOANG PHAM*

*FILED:* _____      _____

                                                            *CLERK OF COURT*

*MOTION FOR COMPLETE AND VERBATIM COPY OF*
*TRIAL AND SENTENCING TRANSCRIPT*

*MAY IT PLEASE THE COURT:*

   ***COMES NOW, HOANG PHAM.,*** hereinafter referred to as Defendant, appearing herein

in propria persona, and who respectfully represents to this Honorable Court that:

   Defendant has been charged herein with the offense of "unauthorized use of a motor

vehicle", a felony; and, at arraignment he pled not guilty and elected to have his culpability

decided by a jury of his peers.

   Trial in this matter was commenced and when all the evidence and testimonies had been

presented and heard Defendant was found to be guilty as charged.

   Ensuing hearing and denial of any and all post-trial pleadings Defendant was sentenced

to the custody of the Louisiana Department of Corrections for a period of twenty (20) years,

pursuant to the provisions of *LSA R.S. 15:529.1.*

   Defendant respectfully contends that he is in need of a copy of the Trial and Sentencing

Transcripts had in this matter to establish his claims alleged in the Uniform Application for

**APPENDIX P-3**

Postconviction Relief, which is presently being prepared, and without the requested documents his access to the Courts would be meaningless.

The Supreme Court, in **State ex rel. Simmons v. State**, 647 So.2d 1094 (La. 1994) held that lower courts must provide indigent inmates with copies of certain types of documents as of right. As to all other documents, an indigent inmate has the constitutional right to free copies only in those instances in which he shows that denial of the request will deprive him of an "adequate opportunity to express his claim fairly." Also see **U.S. v. MacCollum**, 96 S.Ct. 2086 (1974)

Defendant contends further that during the trial had herein the prosecution made mention of other crimes evidence for which he was not on trial for nor had he been provided the requisite notice and during the sentencing had herein the trial Court failed to comply with the provisions of **La.C.Cr.P. art. 894.1**.

Without a showing of particularized need, applicant should be prepared to pay the service fees for the document. See **Nash v. State**, 604 So.2d 1054 (La.App. 1 Cir. 1992)

Defendant respectfully submits to this Honorable Court the above and foregoing reasons as his particularized need for the requested documents, and that without them he may be coerced to serve a sentence that is totally and wholly unconstitutional and/or otherwise illegal.

**WHEREFORE**, Defendant prays that this Honorable Court, in the interests of justice and judicial economy and for the reasons aforementioned grant his Motion for Complete and Verbatim Copy of Trial and Sentencing Transcript, and order the Court Reporter of this Court to transcribe and convey a copy of same to him "free of charge" as he is without means to pay for the requested documents and there is no one whom he can depend on for support in this matter, as he is indigent.

With respect,


**HOANG PHAM, 277377**
Jupiter D-2-ALC
3751 Lauderdale Woodyard Road
Kinder, LA  70648

*STATE OF LOUISIANA*

*19th JUDICIAL DISTRICT COURT*

*PARISH OF EAST BATON ROUGE*

*STATE OF LOUISIANA*

*VS.*                                          *CRIMINAL DOCKET NO: 09-04-0518 "I"*

*HOANG PHAM*

*FILED:* _____          _____

                                                                   *CLERK OF COURT*

# O R D E R

**CONSIDERING THE FOREGOING:**

   ***IT IS ORDERED*** that Defendant's Motion for Production of Documents be: and, same is hereby ***GRANTED***.

   ***IT IS ORDERED FURTHER*** that the Court Reporter of this Court be; and, he/she is hereby ***ORDERED*** to transcribe and convey a complete and verbatim copy of the Trial and Sentencing Transcripts had herein to Defendant "free of charge" on or before the _____ day of _____ 2005.

   Baton Rouge, Louisiana, this _____ day of _____ 2006.

                                          _____
                                                   *ANTHONY MARABELLA*
                                                   *DISTRICT COURT JUDGE*

# LOUISIANA APPELLATE PROJECT
### Providing appellate defense in felony cases

March 28, 2006

James H. Looney
Executive Director
P. O. Box 3340
Covington, LA 70434-3340
(985) 892-1707

Gwendolyn K. Brown
Regions 1 & 5 Supervisor
P. O. Box 64962
Baton Rouge, LA 70896-4962
Voice & Fax (225) 922-9570

Frederick Kroenke
Appellate Attorney
509 St. Louis St.
Baton Rouge, LA 70802-61582
(225) 343-7753

Mr. Hoang Pham        DOC # 277377
Franklin Detention Center
388 Nature's Way Road
Winnsboro, La. 71295

Re: State v. Pham
06-KA-0326

Dear Mr. Pham:

Enclosed herewith is a copy of the Original Brief filed on your behalf in the above matter. I do not have a transcript. I do not use them. I review the original record of the Court of Appeal, which includes a copy of the transcript, and am required to return it to them. I shall forward any transcripts I receive to you if I get them.

It shall take some time for the Court of Appeal to render a decision in your case after the State has filed its Brief. I shall notify you once I have received a decision from the Court of Appeal.

If you have any questions, please do not hesitate to write.

Sincerely,

Frederick Kroenke

encl

**APPENDIX P-2**

STATE OF LOUISIANA

SUPREME COURT


NUMBER: _____



STATE OF LOUISIANA

VERSUS

HOANG PHAM



ON THE CRIMINAL DOCKET OF THE
19TH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF EASE BATON ROUGE, LOUISIANA
ANTHONY MARABELLA, HONORABLE JUDGE, PRESIDING

CRIMINAL DOCKET NO: 09-04-0518 "I"


AND


CASE NO: '06 KA 0326 ON THE DOCKET OF THE
COURT OF APPEAL, FIRST CIRCUIT




HOANG PHAM, DEFENDANT-APPLICANT, APPLYING FOR
WRIT OF CERTIORARI (REVIEW), PROHIBITION AND MANDAMUS




SUBMITTED WITH RESPECT,

HOANG PHAM, 277377
JUPITER D-2-ALC
3751 LAUDERDALE WOODYARD ROAD
KINDER, LA 70648




**APPENDIX P-1**

## SUPREME COURT OF LOUISIANA
### WRIT APPLICATION FILING SHEET

NO: _____

### TO BE COMPLETED BY COUNSEL or PRO SE LITIGANT FILING APPLICATION

TITLE

*STATE OF LOUISIANA*

*VERSUS*

*HOANG PHAM*

Applicant: *HOANG PHAM*
Have there been any other filings in this
Court in this Matter?  ☐ Yes  ☑ *No*
Priority Treatment?   *NO*
If so you MUST complete & attach a Priority
Form.

### LEAD COUNSEL/PRO SE LITIGANT INFORMATION

#### APPLICANT RESPONDENT

Name:  *HOANG PHAM, 277377*
Address:  *JUPITER D-2*
          *3751 LAUDERDALE WOODYARD RD.*
          *KINDER, LA 70648*

*DOUG MOREAU, D.A.*
Address:  *5TH FL. GOV. BLDG.*
          *222 ST. LOUIS ST.*
          *BATON ROUGE, LA 70802*

Phone No.  *N/A*       Bar Roll No.  *N/A*          Phone No.                    Bar Roll No.  *N/A*

| TYPE | OF | PLEADING | | |
|---|---|---|---|---|
| ☐ Civil, | ☑ Criminal, | ☐ Bar, | ☐ Civil Juvenile, | ☐ Criminal Juvenile, | ☐ Other |
| ☐ CINC | | ☐ Termination, | ☐ Surrender, | ☐ Adoption, | ☐ Child Custody |

### ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION

Tribunal/Court _____         Docket No: _____
Judge/Commissioner/hearing Officer: _____   Ruling Date: _____

### DISTRICT COURT INFORMATION

Parish and Judicial District Court: *EAST BATON ROUGE - 19TH JUDICIAL DISTRICT COURT* Docket No: *09-04-0518*
Judge and Section: *ANTHONY MARABELLA*      Section: *"H"*       Date of Judgment: *11/03/05*

### APPELLATE COURT INFORMATION

Circuit: *FIRST*          Docket No: *2006 KA 0326*             Action: *DIRECT APPEAL*
Applicant in Appellate Court: *HOANG PHAM*                      Filing Date: *03/28/06*

Ruling Date: *09/15/06*         Panel of Judges: *B.J.C., V.G.W., & J.M.M*          ☐

### REHEARING INFORMATION

Applicant:          Date Filed:                Action on Rehearing:
Ruling Date:                    Panel of Judges:                                   ☐

### PRESENT STATUS

☐ Pre-Trial, Hearing/Trial Scheduled, date: _____ ☐ Trial in Progress,  ☑ Post Trial
Is there a stay now in effect? *NO*       Has this pleading been filed simultaneously in any other court? *NO*
If so, explain briefly

_____

### VERIFICATION

I certify that the above information and all of the information contained in this application is true and correct to the best of
my knowledge and that all relevant pleadings and rulings, as required by Supreme Court Rule X, are attached to this filing. I
further certify that a copy of this application has been mailed or delivered to the appropriate court of appeal (if required), to
the respondent judge in the case of a remedial writs, and to all other counsel and unrepresented parties.

*10 October 2005*                            _____
DATE                                          HOANG PHAM

## *TABLE OF CONTENTS*

Writ application filing sheet ----------------------------------------------------------------- *ii*

Table of contents ----------------------------------------------------------------------------- *iii*

Chronological listing of appendices ------------------------------------------------------ *iii*

Reasons why this writ should be granted ----------------------------------------------- *iv*

Statement of the case ----------------------------------------------------------------------- *1*

Assignment or error --------------------------------------------------------------------------- *2*

Summary of argument ------------------------------------------------------------------------ *3*

Argument error number one --------------------------------------------------------------- *4 - 5*

Conclusion --------------------------------------------------------------------------------------- *6*

Certificate of service ------------------------------------------------------------------------- *7*

## *CHRONOLOGICAL LISTING OF APPENDICES*

Original brief on behalf of Defendant --------------------------------------------------- *H - 1*

Court of Appeal, First Circuit's ruling --------------------------------------------------- *H - 2*

## REASONS WHY THIS WRIT SHOULD BE GRANTED

It is respectfully submitted that this writ application should be granted, in accordance with the considerations set forth in Supreme Court Rule X, because the decision of the Louisiana Court of Appeal, First Circuit, provides an erroneous interpretation of the laws of this State and the decision will cause material injustice and significantly affect the public's interest.

_STATEMENT OF THE CASE_

The defendant was charged by bill of information with one count of unauthorized use of a movable (R.p. 13).

The charge arose when the defendant attempted to seal a car in Baton Rouge.. Although he was found by the car owner prior to taking the car, he left his cell phone in the car (R.p. 82). The car used to flee in was itself stolen (R.p. 87). The police were able to determine the address of the defendant's parents and girl friend from the phone (R.p. 84). The defendant's girl friend told the police that he stayed with her from time to time and she called the police to advise them when he was there (R.p. 84).

When the police arrived at the girlfriend's home, the defendant left and a chase ensued until he was caught between Ingleside Dr. and Edison St. (R.p. 84). The vehicle used by the defendant was itself stolen, though not yet in the system. The police found purses in the backseat of the car and located the owner who advised that her car had, in fact, been stolen (R.p. 85).

The defendant rejected an offer to plea as a second offender with a maximum, twelve year sentence (R.p. 130). The defendant was found guilty by a jury and sentenced to eight years at hard labor, the court recognizing at that sentencing that the defendant was at lease a fourth offender (R.p. 336). Subsequent to that sentence, the court realized that it had held an habitual offender hearing and the defendant was found to be a fourth felony offender (R.p. 339, 343). The court then vacated its original eight year sentence and imposed the minimum of twenty years at hard labor pursuant to the multiple offender statue, La. R.S. 15:529.1 (R.p. 344). Initially, the court imposed that sentence without the benefit of probation, parole, or suspension of sentence (R.p. 344). Later, the trial court deleted the withholding of probation, parole, or suspension of sentence (R.p. 345). The defendant filed a motion to reconsider sentence (R.p. 71), which the court denied. (R.p. 73).

A timely appeal was lodged with the Court of Appeal, First Circuit and Defendant's conviction and sentence were both affirmed on the 15th day of September 2006; and as such, this writ application is timely and properly before this Court. See Appendices _H-1_ and _H-2_, respectively

## ASSIGNMENT OF ERROR

1) The sentence imposed is unconstitutionally excessive.

## *SUMMARY OF ARGUMENT*

      This Honorable Court is asked to test the sentence imposed herein for excessiveness and should this Court conclude that the sentence is excessive to remand this matter back to the trial Court for resentencing consistent with orders which may be issued hereby.

_ARGUMENT ERROR NUMBER ONE:_

_The sentence imposed is unconstitutionally excessive_.

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged.  First, the record must show the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1.  The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of La.C.Cr.P. art. 894.1.  *State v. Lobato*, 603 So.2d 739 (La.1992).  The articulation of the factual basic for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions.  Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1.  *State v. Lanclos*, 419 So.2d 475 (La. 1982).  The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.  *State v. Jones*, 398 So.2d 1049 (La. 1981); *State v. McGraw*, 616 So.2d 262 (La.App. 2d Cir. 1993).

Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant.  A sentence violates La.Const. Art. 1, s 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.  *State v. Dorthey*, 623 So.2d 1276 (La. 1993); *State v. Bonanno*, 384 So.2d 355 (La. 1980).  A sentence is considered grossly disproportionate when the crime and punishment considered in light of the harm done to society, shocks the sense of justice.  *State v. Hogan*, 480 So.2d 288 (La. 1985); *State v. Thompson*, 25, 583 (La.App.2d Cir. 1/19/95), 631 So.2d 555.  As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender.  *State v. Freelon*, 26, 938 (La.App. 2d Cir. 5/10/95), 655 So.2d 687.  However, a trial court has wide discretion to sentence within the statutory limits and absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive.  *State v. Thompson*, 25, 583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555.

In *State v. Dorthey*, 623 So.2d 1276, 1280 (La. 1993), this Court held that if the trial court finds that the punishment mandated by La. R.S. 15:529.1 is constitutionally excessive, the trial court has "the option, **indeed the duty,** to reduce such sentence to one that would not be

constitutionally excessive." The Supreme Court in State v. Walter Johnson, 97-KK-1906 (La. 3/4/98) 709 So.2d 672, held that the duty of the trial court is to sentence the defendant to the longest sentence which is not excessive under the Louisiana Constitution.

In *Johnson,* the court found that because they have found the multiple offender statute to be constitutional, it follows that the minimum sentences it imposes (in this case, twenty years at hard labor) are constitutional (*Johnson*, supra, at 675). However, as pointed out above, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La.Const. Art. 1, s 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So.2d 1276 (La. 1993); *State v. Bonanno*, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate when the crime and punishment considered in light of the harm done to society, shocks the sense of justice. *State v. Hogan*, 480 So.2d 288 (La. 1985); *State v. Thompson*, 25, 583 (La.App.2d Cir. 1/19/95), 631 So.2d 555.

This Court found in *Johnson* that the legislature has the sole authority to provide penalties for conduct it determines to be criminal (*Johnson,* supra, at 675). This Court, as seen above, has stated on innumerable occasions that whether or not a sentence is constitutional is determined by a review of the individual case and the individual defendant.

In the instant case, the state offered the defendant twelve years (R.p. 130) and the trial court, stating its awareness of the defendant's prior criminal history, found a sentence of eight years to be appropriate (R.P. 336). In the instant case, no one was injured, or even present when the vehicles in question were taken.

The defendant is a recidivist, and, as this Court stated in *Johnson,* that in itself is worthy of enhanced punishment. However, that punishment can only be constitutionally imposed after the trial court considers the individual circumstances of the individual case. The trial court can only impose the ". . . longest sentence which is not constitutionally excessive." (*Johnson,* supra at 677).

In reviewing this matter, the state and court felt that somewhat less than twenty years was sufficient to punishment this defendant (R.p. 130, 336). Clearly, some sentence substantially less than twenty years at hard labor is called for in this case to be constitutional.

## *CONCLUSION*

For the reasons aforementioned and in the interests of justice and judicial economy Defendant respectfully prays that this Honorable Court, ensuing due consideration, find the law and evidence to be in his favor and grant unto him any and all relief to which he may be entitled.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing has been properly served on the Honorables: the Judges of the Court of Appeal, First Circuit; the Judge of the 19th Judicial District Court; and, the District Attorney, in and for the Parish of East Baton Rouge, Louisiana by placing a copy of same in the United States Mail with sufficient postage and properly addressed this *11th* day of *October 2006*.