UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF LOUISIANA

HOANG PHAM                              CIVIL ACTION

VERSUS                                  NO. 10-153-FJP-SCR

TERRY TERRELL, ET AL

## MEMORANDUM IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

### STATEMENT OF THE CASE

**PROCEDURAL HISTORY**

Petitioner Hoang Pham was charged by bill of information with unauthorized use of a motor vehicle and possession of a firearm by a convicted felon, violations of La. R.S. 14:68.4 and 14:95.1.[1] Prior to trial, the state dismissed the felon in possession count. Petitioner's jury trial began on June 1, 2005.[2] The following day, the jury returned a guilty as charged verdict. Petitioner was initially sentenced to eight years imprisonment.[3] Petitioner was subsequently adjudicated a fourth felony offender, and on November 3, 2005, the court vacated the previous sentence and sentenced petitioner to the most lenient sentence allowed by law,

---

[1] Bill of information no. 9-04-0518, R. p. 13. The felon in possession of a firearm charge was subsequently dismissed.
[2] R. p. 3.
[3] R. p. 336.

twenty years imprisonment hard labor.[4]  Petitioner filed a motion to reconsider sentence, which was denied.[5]

Petitioner appealed to the First Circuit Court of Appeal.  His sole assignment of error was that he received an excessive sentence.  The first circuit affirmed petitioner's conviction, sentence and habitual offender adjudication on September 15, 2006.[6] Petitioner subsequently filed a writ application with the Louisiana Supreme Court.  The supreme court denied the application on May 18, 2007.[7]

Petitioner filed his first application for state post-conviction relief on or about December 7, 2007.[8]  In the application, petitioner alleged that he received ineffective assistance of counsel because his counsel failed to investigate alibi witnesses, failed to object to the use of other crimes evidence, and failed to object to the state's use of a prior guilty plea.[9]  In response, the state filed a, "Procedural Objection and Answer to Application for Post-Conviction Relief."  On April 28, 2008, the Commissioner recommended dismissal of petitioner's application, and the Honorable Anthony Marabella dismissed petitioner's application on May 19,

---

[4] R. p. 344, See La. R.S. 15:529.1 (A)(2)(c)(i).
[5] R. pp. 71, 73.
[6] *State v. Pham*, 06/KA/0326 (La. App. 1 Cir. 9/15/06) (unpublished).
[7] *State v. Pham*, 06-2624 (La. 5/18/07) 957 So.2d 151.
[8] Habeas petition, p. 6. Petitioner also filed a corresponding motion to hold his PCR application in abeyance until he received transcripts.  The motion was considered in conjunction with his PCR application and parallels the track of his PCR.
[9] Petition for post-conviction relief, p. 6.

2008.[10]  Petitioner, however, did not file supervisory writs with the first circuit until October 30, 2008,[11] and that court denied writs on February 2, 2009.[12] Petitioner then sought writs with the Louisiana Supreme Court February 25, 2009, and on January 8, 2010, that court denied writs.[13]

On or about March 2, 2010, petitioner filed the instant habeas corpus petition.  In his petition, petitioner claims that his counsel provided ineffective assistance.  The state submits the instant response.

**STATEMENT OF FACTS**

On the morning of July 21, 2004, Latonia Croom contacted the East Baton Rouge Sheriff's Office and reported that her 1998 black Honda Civic had been stolen from her apartment complex parking lot.  Later that same day, the police received a phone call from Brooke Civils, an acquaintance of petitioner. The police, investigating a separate incident, had previously contacted Civils.  The police had told Civils to inform them the next time petitioner came to her apartment. Civils notified the police that petitioner was at her residence.

Police were dispatched to the residence, and upon their arrival, they found petitioner in Croom's black Honda Civic.  Officer Brent Callender attempted to stop petitioner by putting on his bar lights.  Petitioner refused to stop, and chase car

---

[10] Commissioner's Recommendation (4/28/08); Order (5/18/08).
[11] Habeas petition, Appendix P-16.
[12] *State ex rel. Pham v. State*, 08/KW/2275 (La. App. 1 Cir. 2/2/09).
[13] *State ex rel. Pham v. State*, 09-0636 (La. 1/8/10), 24 So.3d 863.

ensued. Petitioner was stopped and apprehended once he turned down a dead-end street. A 32 R.G. revolver was recovered from beneath the driver's seat.

## ARGUMENT

### A. PETITIONER'S APPLICATION IS TIME BARRED AND EQUITABLE TOLLING IS INAPPLICABLE.

Initially, the state submits that petitioner's petition is time barred. As a result, the entire petition must be dismissed with prejudice.

The AEDPA establishes a one-year limitation period for the filing of a writ of habeas corpus by a person in state custody.[14] 28 U.S.C. § 2244(d)(1)(a) provides that the limitations period for a federal habeas petition commences on the date the judgment in question becomes final by the conclusion of direct review or the expiration of the time for seeking such review.[15]

The time during which a properly filed state post-conviction application (or similar state collateral review mechanism) is pending tolls the one-year time limitation.[16] A habeas petition is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.[17] However, regardless of whether a collateral review application is properly filed, any time that elapses between the conclusion of direct review and the subsequent

---

[14] 28 U.S.C.A. § 2244(d); *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999).
[15] 22 U.S.C.A. § 2244(d)(1)(A).
[16] 28 U.S.C.A. § 2244(d)(2).
[17] *Artuz v. Bennett* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

4

filing of a "proper" post-conviction application does not toll the federal statutory time bar.[18]

In the instant matter, petitioner's judgment of conviction and sentence "… became final by the conclusion of direct review or the expiration of the time for seeking such review …" on August 16, 2007, ninety days after the Louisiana Supreme Court denied writs on direct review.[19] Petitioner did not file his first state post-conviction application until December 7, 2007. Thus one hundred and thirteen (113) days expired between the conclusion of direct review and the filing of collateral review.[20]

Petitioner's habeas petition is time barred because his writ application to the first circuit contesting the denial of his post-conviction application was untimely. La. C.Cr.P. arts. 924-930.8 govern Louisiana's state collateral review process. La. C.Cr.P. art. 930.6(A) allows a post-conviction petitioner to invoke the supervisory jurisdiction of the appropriate court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief.[21] Louisiana Uniform Court of Appeal Rule 4-3 governs the filing deadlines for

---

[18] *See, for example, Soriano v. Dretke,* 90 Fed. Appx. 449, 450, n. 3 (5th Cir. 2004).
[19] U.S. Supreme Court Rule 13; *Ott v. Johnson,* 192 F.3d 510 (5th Cir.1999)(The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.)
[20] Petitioner's writ of Mandamus filed in September of 2007 does not constitute "other collateral review" so as to toll the AEDPA. *Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002).
[21] Article 930.6 also states that "[n]o appeal lies from a judgment dismissing an application or otherwise denying relief."

5

supervisory criminal writ applications at the intermediate appellate court level. The pertinent portion of Louisiana Uniform Court of Appeal Rule 4-3 states:

> [. . .] In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; an appellate court will not infer a return date from the record.
> Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the appellate court.

Under the plain language of § 2244, the AEDPA's statute of limitations is tolled only when a properly filed application in pending on collateral review. The cases of *Dixon v. Cain* and *Melancon v. Kaylo* provide guidance as to what constitutes a "properly filed" post-conviction writ application at the Louisiana intermediate appellate court level. Under *Dixon* and *Melancon*, an intermediate appellate court writ application will be considered "properly filed" under Louisiana Court of Appeal Rule 4-3 only if one of three events occur: (1) the post-conviction application is filed within either thirty (30) days of the court's ruling or within the

6

return date set by the court, if such return date sets a longer period to file;[22] (2) a timely extension is sought by the petitioner and granted by the court of appeal, extending the return date, and the applicant subsequently files the application within the extended return date;[23] or (3) the petitioner makes a showing that, "the delay in filing was not due to the applicant's fault."[24]

In the instant case, the Commissioner recommended dismissal of petitioner's PCR application on April 28, 2008, and on May 18, 2008, Judge Marabella denied the post-conviction application.  Under Uniform Rule 4-3, petitioner had until June 17, 2008, to file his writ application or seek an extension of time with the first circuit.  It was not until October 30, 2008, one hundred and sixty five (165) days after the trial court's denial of his post-conviction application, that petitioner applied for supervisory writs with the Louisiana First Circuit Court of Appeal. Thus, petitioner's writ application to Louisiana's intermediate court was untimely under Rule 4-3.[25]

---

[22] *Dixon*, F.3d at 554-556.
[23] *Id*.
[24] *Melancon*, F.3d at 405.
[25] *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 73 USLW 4304(2005).  The Louisiana First Circuit Court of Appeal rejected petitioner's application with two words: "WRIT DENIED." The Court did not state whether it was rejecting the application as untimely filed or whether it had considered the application and rejected it on the merits. Regardless, under *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000), the ruling acts as an untimely denial unless proven to the contrary. *See* n. 7. Additionally, even when an appellate court improperly considers an untimely filed writ application, its consideration does not toll the limitations period. *Artuz v. Bennett*,531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). (If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending,* but not *properly filed.)*

Petitioner's application for post-conviction relief ceased to be "properly filed" in the Louisiana court system when he failed to comply with Rule 4-3. Therefore, his collateral review ceased tolling the AEDPA statute of limitations on June 17, 2008, thirty days after the denial of his PCR application. He did not file the instant habeas corpus application until March 2, 2010, well after the one-year AEDPA statutory time limitation had run.

The remaining question is whether petitioner qualifies for equitable tolling. Petitioner does not qualify for equitable tolling.[26] The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."[27] The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[28] A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling.[29] In *Lawrence v. Florida,*[30] the Supreme Court, while assuming without deciding that equitable tolling is available, was specific: To be entitled to equitable tolling, the petitioner "must show (1) that he has been pursuing his rights diligently, and (2)

---

[26] Petitioner's habeas petition states that the trial court denied his PCR application on October 3, 2008. Habeas petition, p. 6. However, both the court record *and* petitioner's attached Appendix shows that the trial court denied his PCR application on May 18, 2008. *See* Order dated 5/18/08; Habeas petition, Appendix P-14 (Criminal court Minutes dated 5/18/08). Petitioner confuses the date the clerk of court signed a true copy off the minutes with the date his PCR was denied.
[27] *United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000).
[28] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).
[29] *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999).
[30] 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).

8

that some extraordinary circumstance stood in his way."[31] A substantial delay of several months in receiving information concerning a change in the law may qualify as "exceptional circumstances" warranting the tolling of the AEDPA's limitations period.[32] To qualify for tolling, a petitioner must pursue his remedies with "diligence and alacrity."[33]

Importantly, it is a petitioner who bears the burden of proving equitable tolling should apply.[34] Petitioner has not satisfied this burden. Petitioner alleges he received late notice of the May 18th ruling on his writ application to the first circuit.[35] Petitioner's habeas petition states that he did not receive notice that trial court denied his PCR application until October 3, 2008. Both the court record and petitioner's attached Appendix show that the trial court denied his PCR application on May 18, 2008.[36] Petitioner omits the May 18, 2008 court order from his habeas petition and attaches the May 18th criminal minutes to his petition. The May 18, 2008 court minutes show that the clerk of court signed a true copy of the May 18th minutes on October 3, 2008.[37] Petitioner also attaches to his petition an undated, unsigned notice of intent to seek writs with the first circuit. The notice of intent

---

[31] *Id.* at 1085.
[32] *Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000).
[33] *Donnelly*, F.3d at 511.
[34] *Phillips v. Donnelly,* 216 F.3d 508, 511, *modified on reh'g,* 223 F.3d 797 (5th Cir. 2000).
[35] Habeas petition, Appendix P-16.
[36] *See* Order dated 5/18/08; Habeas petition, Appendix P-14 (Criminal court Minutes dated 5/18/08).
[37] *Id*.

gives no indication that any delay occurred in his receiving the PCR denial, nor does it ask for an extension of the return date.[38] Petitioner did allege he received late notice of the May 18th ruling on his writ application to the first circuit.[39] Petitioner never sought an extension of the return date with either the trial or appellate court; rather, he noted that his writ application was timely filed because it had been filed within thirty days of receipt of the ruling.[40]

The state has the initial burden of proving a habeas application is untimely. However, once the state meets its initial burden and establishes how the AEDPA's one-year statute of limitations has expired, the burden shifts to the petitioner to establish why tolling should apply. Thus, when a habeas petition is shown by the state to be untimely on its face, it is the petitioner who has the burden of production and persuasion; he has the burden of providing this court with sufficient proof to show why his untimely petition should nonetheless be considered. While the state has no way of knowing whether a copy of the May 28, 2008 order was sent to petitioner prior to October 3rd, it believes petitioner could have supplied extrinsic evidence to determine whether such notice was given. For example, petitioner could have attached his prison mail records showing whether incoming

---

[38] Habeas petition, Appendix P-15.
[39] Habeas petition, Appendix P-16.
[40] Habeas petition, Appendix P-16, p. 40 of 109. The district attorney never received copies of any of these materials.

mail was received from either the 19th Judicial District Court or East Baton Rouge Clerk of Court between the dates of May 18th and October 3rd.

More damning to the tolling claim, however, is the fact that petitioner simply could have used Uniform Court of Appeal Rule 4-3 to seek an extension of the return date and make his first circuit writ timely. Even was one to assume that petitioner did not receive notice of his PCR denial until October 3, 2008 there was no "extraordinary circumstance" prohibiting him from seeking an extension of the return date. Rule 4-3 expressly notes that a petitioner can seek later return date by the court or request an extension to make his writ application timely. Petitioner, who apparently was well aware of Rule 4-3,[41] does not explain why he failed to request an extension. Instead, he simply sought to ignore Rule 4-3's language and rely on the fact that he filed his writ application shortly after receiving the October 3rd notice. The question, however, is not simply whether petitioner pursued his remedies with alacrity. It is whether he pursued his remedies with *both* diligence and alacrity.

Petitioner's failing to request a return date extension and simply filing a writ application promptly cannot be considered pursuing his remedies with diligence. Rule 4-3 did not actively mislead petitioner about procedure, nor did it prevent in some extraordinary way from asserting his rights. To the contrary, Rule 4-3

---

[41] Habeas petition, Appendix P-16, p. 40 of 109.

advised petitioner on exactly how to diligently pursue his rights. Had petitioner actually requested an extension of the return date and that extension been denied, he would have a legitimate argument that the delay in his filing a writ application was not his fault. However, given petitioner's apparent familiarity with the laws, it was clearly "garden variety neglect" to fail to request an extension of the first circuit writ delays.

The law does not burden the state with having to disprove a negative. Petitioner has not illustrated that he pursued his remedies with the diligence necessary to receive the benefit of tolling. Equitable tolling is only available for extraordinary circumstances. There is nothing extraordinary about petitioner's situation. Petitioner simply failed to write down a request to extend his time delays. Petitioner's habeas petition is procedurally time barred and must be dismissed with prejudice.

## B. PETITIONER'S HABEAS PETITION IS PROCEDURALLY DEFAULTED.

In addition to being time barred, petitioner's habeas petition has been procedurally defaulted. The Supreme Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted

available state remedies as to any of his federal claims.[42] This exhaustion requirement is grounded in principles of comity; in a federal system, the states should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.[43]

In *Coleman v. Thompson*,[44] the high Court recognized that similar exhaustion concerns apply to federal claims that have been procedurally defaulted in state court:

> Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him. See 28 U.S.C. § 2254(b); *Engle v. Isaac,* 456 U.S. 107, 125-126, n. 28, 102 S.Ct. 1558, 1570, n. 28, 71 L.Ed.2d 783 (1982). In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.[45]

---

[42] *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). *See also Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); 28 U.S.C. § 2254(b) (codifying the rule).

[43] *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127-1128, 35 L.Ed.2d 443] (1973).

[44] 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991).

[45] *Coleman*, 501 U.S. at 731-732; 1111 S.Ct. at 254-1255.

Known as the procedural default doctrine, if a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the prisoner has procedurally defaulted his federal habeas claim.[46]

A state court denial of a federal claim on state procedural grounds will foreclose review of such claim in federal court if the state procedural rule was adequate and independent.[47] In order to fulfill the independence requirement, the last state court rendering a judgment must clearly and expressly indicate that its judgment rests on a state procedural bar.[48] The state procedural rule also must be adequate. An "adequate" rule is one that states courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims.[49] A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief.[50] When an adequate and independent state procedural bar has been used, all federal habeas review will be barred unless a prisoner had "good cause" for not following the state procedural rule and was "prejudiced" by not having done so, or that he shows

---

[46] *Nobles v. Johnson,* 127 F.3d 409 (5th Cir. 1997); *Coleman,* 501 U.S at 731-32; 111 S.Ct. at 255; *See also Harris v. Reed,* 489 U.S. 255, 262-63, 109 S.Ct. 1038, 1043- 44, 103 L.Ed.2d 308 (1989); *Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977).
[47] *See Ford v. Georgia,* 498 U.S. 411, 423-24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991).
[48] *Glover v. Cain,* 128 F.3d 900 (5th Cir. 1997); *Amos v. Scott,* 61 F.3d 333, 339 (5th Cir. 1995).
[49] *Amos,* at 339 (citing *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988), and *Dugger v. Adams,* 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 1217 n. 6, 103 L.Ed.2d 435 (1989)).
[50] *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996).

a failure to review his federal claim will result in a fundamental miscarriage of justice.[51]

The sole claim presented petitioner's habeas corpus petition is that counsel provided ineffective assistance. Petitioner presented this argument at the state level in his application for post-conviction relief. In denying petitioner's claim, the Commissioner relied on the "conclusory allegations" jurisprudence[52] and La. C.Cr.P. art. 926 to procedurally bar petitioner's claim. Relying on C.Cr.P. art. 926(B)(3), the Commissioner found that:

> In the Defendant's application, his IAC claim consists of a single sentence, which is nothing more than a general statement and/or a conclusory allegation that his counsel failed to interview/investigate alibi witnesses, failed to object to inadmissible other crimes, and failed to object to an unconstitutional guilty plea used to enhance his sentence. Further, Defendant fails to allege, with <u>any</u> particularity, who the alleged alibi witnesses are and/or what their alleged testimony would have been if called; what inadmissible "other crimes evidence was allegedly admitted at trial; and which guilty plea, used at the habitual offender hearing, was allegedly unconstitutional [. . .].[53]

The trial court, Louisiana First Circuit Court of Appeal, and Louisiana Supreme Court adopted the Commissioner's recommendation and dismissed

---

[51] *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d (2000).
[52] *See for example State v. Outley* 629 So.2d 1243 (La. App. 2 Cir. 1993); *State v. O'Neal,* 501 So.2d 920 (La. App. 2 Cir. 1987).

[53] Commissioner's recommendation, p. 5.

petitioner's post-conviction application. The court's holding is sufficient to fulfill the independence requirement.[54] Moreover, there is no suggestion that conclusory allegations bar has been applied selectively or irregularly. Louisiana courts have regularly invoked C.Cr.P. art. 926 to bar claims, and the federal courts have taken notice.[55] The presumption of adequacy has not been trumped. Petitioner's sole federal habeas claim is dismissible with prejudice.

Furthermore, assuming petitioner's habeas ineffectiveness claim could be viewed as presenting additional evidence to overcome the conclusory allegations bar, he did not "fairly present" this same claim at the state court level, making the claim unexhausted. To properly exhaust a claim, a petitioner "must have fairly presented the substance of his claim to the state courts."[56] It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.[57] Where a petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement.[58] Similarly, a habeas

---

[54] *Glover*, F.3d at 902.
[55] *Gordon v. Cain*, Not Reported in F.Supp.2d, 2008 WL 1766620 (M.D.La. 2008).
[56] *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)), *cert. denied,* 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).
[57] *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (citations omitted).
[58] *Wilder v. Cockrell,* 274 F.3d 255, (5th Cir. 2001); *Vela v. Estelle*, 708 F.2d 954, 958 n. 5 (5th Cir. 1983), *cert. denied, McKaskle v. Vela*, 464 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984).

petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court.[59]

If petitioner's habeas claim is not conclusory, it is because he added new evidence to bolster his claim. In failing to present this additional evidence at the state court level, he did not fairly present his claim.[60] By doing so, he failed to exhaust his habeas petition. Dismissal with prejudice is appropriate because the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.[61] For this additional reason, petitioner's habeas petition must be dismissed.

## **CONCLUSION**

Petitioner's claims are both untimely and procedurally defaulted, and his entire habeas petition must be dismissed with prejudice.

---

[59] *Kunkle v. Dretke,* 352 F.3d 980 (5th Cir. 2003); *Graham v. Johnson,* 94 F.3d 958, 968 (5th Cir. 1996)**;** *See also  Joyner v. King,* 786 F.2d 1317, 1320 (5th Cir.) (holding that the policies underlying the exhaustion doctrine require that "new factual allegations in support of a previously asserted legal theory" be first presented to the state court), *cert. denied,* 479 U.S. 1010, 107 S.Ct. 653, 93 L.Ed.2d 708 (1986); *Brown v. Estelle,* 701 F.2d 494, 495-96 (5th Cir. 1983) (holding that when a claim is filed in federal court in a significantly stronger evidentiary posture than it was before the state court, it must be dismissed for failure to exhaust state remedies).
[60] *Brown v. Estelle*, F.3d at 495-496.
[61] La. C.Cr.P. arts. 930.4, 930.8; *See also Bagwell v. Dretke*, 372 F.3d 748, 755+ (5th Cir. 2004) where the court determined whether petitioner's claim would be procedurally barred at the state level.

RESPECTFULLY SUBMITTED,

HILLAR C. MOORE, III
DISTRICT ATTORNEY

/s/   Dylan C. Alge, Bar No. 27938
Assistant District Attorney
19th Judicial District Court
Parish of East Baton Rouge
State of Louisiana
222 St. Louis Street, 5th Floor
Baton Rouge, Louisiana 70802
Telephone (225) 389-3453
E-mail: dalge@ebrda.org

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, to Hoang Pham, Petitioner, #277377, ALC Jupiter D-2, 3751 Lauderdale-Woodyard Road, Kinder, Louisiana 70648.

Baton Rouge, Louisiana, this ~14th~ day of April, 2010.

/s/   Dylan C. Alge
Assistant District Attorney