UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


HOANG PHAM (#277377)

VERSUS                                CIVIL ACTION

TERRY TERRELL, ET AL                  NUMBER 10-153-FJP-SCR


<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 28, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOANG PHAM (#277377)

VERSUS                                   CIVIL ACTION

TERRY TERRELL, ET AL                     NUMBER 10-153-FJP-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is the application of petitioner Hoang Pham for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

Petitioner was found guilty of one count of unauthorized use of a motor vehicle in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on June 2, 2005.  Petitioner was adjudicated a habitual offender and was sentenced to a 20 year term of imprisonment at hard in the custody of the Louisiana Department of Corrections.

The Louisiana First Circuit Court of Appeal affirmed the conviction, sentence and habitual offender adjudication.[1]  *State of Louisiana v. Hoang Pham*, 2006-0326 (La. App. 1st Cir. 9/15/2006); 936 So.2d 885 (Table).  Petitioner filed an application for a writ

---

[1] The only issue raised on appeal was that the sentence was excessive.

of certiorari in the Louisiana Supreme Court.[2]   The Louisiana Supreme Court denied review.   *State of Louisiana v. Hoang Pham*, 2006-2624 (La. 5/18/2007); 957 So.2d 151.

Petitioner filed an application for post-conviction relief (PCRA) in the district court on January 9, 2008, in which he asserted a single ground for relief: denial of effective assistance of counsel.[3]  Petitioner also filed a request for production of the entire trial transcript and a motion to hold the PCRA in abeyance until receipt of the transcript.  On May 19, 2008, the trial court denied the petitioner's PCRA.[4]  On October 30, 2008, the petitioner sought review in the Louisiana First Circuit Court of Appeal.[5]  Petitioner sought review of the denial of the production of the trial transcript but did not brief or mention the denial of his

---

[2] Again, the only issue raised was that the sentence was excessive.

[3] This is the date of filing stated in the Commissioner's Recommendation.  Petitioner's affidavit submitted with his PCRA was signed December 6, 2007.

[4] The state court record does not contain a separate order or ruling on the PCRA.  Rather, there is A True Extract of Criminal Court Minutes which reflects the denial.  The extract indicates it was prepared on October 3, 2008.  Record document number 1, p. 52 (APPENDIX P-14).

[5] Petitioner signed his writ application to the First Circuit Court of Appeal on either October 16 or 30, 2008, with the earlier date in the prepared verification and the later date handwritten as the date of service by mail.

ineffective assistance of counsel claim raised in his PCRA.[6]   On February 2, 2009, the Louisiana First Circuit Court of Appeal denied review.  *State of Louisiana v. Hoang P. Pham*, 2008-2275 (La. App. 1st Cir. 2/2/09).  On February 25, 2009, the petitioner sought review by the Louisiana Supreme Court on the same ground related to the denial of the trial transcript.  Again, the petitioner did not brief or mention the denial of his ineffective assistance of counsel claim raised in the PCRA.[7]   The Louisiana Supreme court denied review on January 8, 2010.  *State ex rel. Hoang Pham v. State of Louisiana*, 2009-0636 (La. 1/8/10), 24 So.3d 863.

Petitioner's federal habeas corpus application was filed March 8, 2010.  Only one ground for relief was asserted: ineffective assistance of counsel.[8]

## Applicable Law and Analysis

No evidentiary hearing is required.  Petitioner's federal habeas corpus application is technically exhausted but procedurally

---

[6] Assignments of error which are not briefed are considered abandoned.  Rule 2-12.4, Uniform Rules of Louisiana Courts of Appeal; *State v. Schwartz*, 354 So.2d 1332 (La. 1978).

[7] Although the petitioner assigned as the sole error the trial court's denial of the PCRA, the only argument made was that the trial court should have provided the petitioner with transcripts of his trial and sentencing.

[8] As with the petitioner's state court writ applications, he failed to actually address the basis for this claim.  In fact, he even failed to allege or describe what action or failure by his trial counsel constitutes ineffective assistance of counsel.

3

barred.[9]

A review of the record showed that the petitioner never addressed the ineffective assistance of counsel claim raised in his federal habeas corpus application in his briefs to the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court.

Although the petitioner has not presented his ineffective assistance of counsel claim in a procedurally proper manner in accordance with state procedural rules, he has technically exhausted his state court remedies as to this claim. However, the claim is procedurally defaulted and cannot be considered by this court.

---

[9] The state also argued that the application is untimely and the petitioner does not qualify for equitable tolling. Record document number 6, answer, ¶ 5; record document number 7, opposition memorandum, pp. 4-12. Petitioner asserts that he did not receive notice that his PCRA had been denied until October 9, 2008. Petitioner's assertion is supported by the date of the extract from the criminal court minutes: October 3, 2008. The state does not contest this assertion. *Id.* at 10. The state argued that the petitioner's untimely filing of the writ application in the court of appeal did not toll the Antiterrorism and Effective Death Penalty Act one-year time limit, and therefore the petitioner's federal habeas corpus application was not timely filed.

The state court records do not provide an explanation for the delay between the denial of the petitioner's PCRA and when he received notice of the denial, nor any basis to refute the petitioner's assertion that he did not receive notice until October 9, 2008. The length of time between the denial and notice to the petitioner is not so long that the petitioner must be found to have not diligently pursued relief in the state court. In such circumstances, the state's untimeliness argument is not persuasive. Nonetheless, because the petitioner's federal habeas corpus application is technically exhausted but procedurally barred, it is not necessary to decide the timeliness issue or whether equitable tolling is warranted.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner.  28 U.S.C. § 2254(b).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court.  *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

To demonstrate compliance with the exhaustion requirement, a habeas applicant must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present

his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claim is "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted).

Petitioner's technically exhausted claim would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8.  This provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief.  Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal

law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565.  Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it.  Nor has the petitioner made a showing to support a claim of factual innocence.  This court is barred from considering the petitioner's technically exhausted claims.


## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as procedurally barred.

Baton Rouge, Louisiana, April 28, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE